Earl RICE, Plaintiff-Appellant,

v.

HAMILTON AIR FORCE BASE COMMISSARY, Defendant-Appellee.

No. 81–4626.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 1983.

Decided Nov. 21, 1983.

John E. Jones, San Francisco, Cal., for plaintiff-appellant.

Judith A. Whetstine, Asst. U.S. Atty., San Francisco, Cal., for defendant-appellee.

Before MERRILL, CHOY and NORRIS, Circuit Judges.

CHOY, Circuit Judge:

Appellant Earl Rice claims he was subjected to employment discrimination in violation of section 717 of Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16. The district court dismissed Rice's action for failure to file within the statute's jurisdictional filing period and for failure to name the proper defendant. Because we hold that Rice's request for appointment of counsel, filed with a right-to-sue letter within the jurisdictional time limit, may be deemed the "filing of a civil action" within the meaning of section 717, and because the proper defendant could be identified from the body of his timely filing, we reverse and remand.

## I

Rice was a part-time employee of the Navy Commissary at Hamilton Air Force Base in Novato, California. The Navy dismissed him in February 1979 for allegedly falsifying his employment application. Rice, who is black, claims that the reasons given by the Navy for his termination were a pretext, and that the termination was actually discriminatory in nature.

Rice pursued administrative remedies with both the Navy and the Equal Employment Opportunity Commission ("EEOC"). On March 13, 1981, Rice received a right-to-sue letter issued by the EEOC. Pursuant to section 717(c), Rice had 30 days from the receipt of this letter to bring a civil action. On April 8, 1981, Rice filed a document entitled "REQUEST FOR APPOINTMENT OF COUNSEL UNDER THE CIVIL RIGHTS ACT OF 1964 (42 U.S.C. 2000e–5)." This document included a lengthy account of Rice's discrimination claim. Attached to the request were copies of documents issued by both the EEOC and the Secretary of the Navy in their separate dispositions of Rice's complaint. The Request named "Hamilton AFB Commissary" as the employer. Rice did not make another filing until after the expiration of the 30-day filing period.

For this appeal, the relevant portion of section 717, which allows discrimination suits against the federal government, is this part of section 717(c):

Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination ... an employee ... if aggrieved by the final disposition of his complaint, ... may file a civil action ... in which civil action the head of the department, agency, or unit, as appropriate shall be the defendant.

42 U.S.C. § 2000e–16(c). The district court held that Rice had failed to comport with section 717(c) in two ways.

First, Rice had not filed a civil action within the 30-day limit of the statute. The court reasoned that an action is only commenced with a "complaint," see Fed.R. Civ.P. 3, and that the only document timely filed by Rice was not a complaint. We have repeatedly held that the 30-day limit of § 717(c) is jurisdictional. *Cooper v. Bell,* 628 F.2d 1208, 1213 & n. 10 (9th Cir.1980); *Mahroom v. Hook,* 563 F.2d 1369, 1374 (9th Cir.1977), *cert. denied,* 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402 (1978).[1] Accordingly,

---

1. We have, in fact, held that Title VII's civil suit filing periods are jurisdictional even when the defendant is a private employer. *See Cleveland v. Douglas Aircraft Co.,* 509 F.2d 1027, 1028–29 (9th Cir.1975) (per curiam). The First Circuit has decided that two Supreme Court cases, *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982),

the court concluded that Rice did not file an action within the jurisdictional period, and since the 30-day limit is jurisdictional, it could not be equitably tolled.

Second, the document that Rice did file within the jurisdictional period stated: "The employer against whom I make my claim is: ... Hamilton AFB Commissary." The proper defendant in this suit is the Secretary of the Navy. *See Torres v. Clayton,* 25 Fair Empl.Prac.Cas. (BNA) 998, 999 (S.D.Cal.1978). Since the "caption" of Rice's timely filing did not name the proper defendant, the court felt required to dismiss Rice's filing even if it could have been construed as a complaint. Moreover, since the United States was not given actual notice of the suit within the jurisdictional period, the misnomer could not be corrected pursuant to Fed.R.Civ.P. 15(c).

## II

■ In determining whether Rice complied with the procedural portions of section 717, we are guided by the principle that "[t]he Equal Employment Opportunity Act is a remedial statute to be liberally construed in favor of the victims of discrimination." *Mahroom v. Hook,* 563 F.2d at 1375. This liberal construction of the technical aspects of section 717 is particularly appropriate where the complainant, as here, is a layman proceeding *pro se.* The pleadings show that Rice is weak in both legal knowledge and basic language skills. In such a case, Title VII should not be unnecessarily interpreted in an overly technical fashion that will prevent an adjudication on the merits. *See Atonio v. Wards Cove Packing Co.,* 703 F.2d 329, 331–32 (9th Cir.1982); *Ramirez v. National Distillers & Chemical Corp.,* 586 F.2d 1315, 1320–21 (9th Cir.1978). This liberal reading of the statute is in harmony with the Supreme Court's admonition that "a technical reading [of Title VII] would be 'particularly inappropriate in a statutory scheme in which laymen, unassist-

and *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980), when read together, establish that Title VII's filing periods are not jurisdictional, but are statutes of limitation subject to equitable tolling. *Rice v. New*

ed by trained lawyers, initiate the process.'" *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 397, 102 S.Ct. 1127, 1134, 71 L.Ed.2d 234 (1982) (quoting *Love v. Pullman Co.,* 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972)).

## III

■ Rice argues that he "filed" an action within the meaning of section 717 by filing with the court a request for counsel, a description of his claim, and the administrative dispositions of his discrimination complaint, all within the 30-day jurisdictional period. We agree. This is the position taken by the Fifth and Eighth Circuits, and we believe it is the correct one. *See Wingfield v. Goodwill Industries,* 666 F.2d 1177, 1179 n. 3 (8th Cir.1981); *Wrenn v. American Cast Iron Pipe Co.,* 575 F.2d 544, 546 (5th Cir.1978); *Huston v. General Motors Corp.,* 477 F.2d 1003, 1008 (8th Cir.1973); *Pace v. Super Valu Stores, Inc.,* 55 F.R.D. 187, 190 (S.D.Iowa 1972). This position recognizes that the purpose of the 30-day jurisdictional period is to bring quickly the complainant to court, and to begin the adjudication of a discrimination claim. The purpose of section 717(c)'s limitation period is not to close the courthouse doors on layman plaintiffs who mistakenly fail to label their filing a "complaint."

The Government argues that the position of the Fifth and Eighth Circuits is not applicable. It singles out the leading case of *Huston v. General Motors* and notes that in that case the *pro se* plaintiff had written the court clerk that the request for counsel should be considered a complaint. 477 F.2d at 1005 n. 3. The Government reasons that *Huston* only allows a court to consider a request for counsel and accompanying papers as sufficient to confer jurisdiction within the 30-day period if the *pro se* plaintiff intends the request for counsel to serve as a complaint.

*England College,* 676 F.2d 9, 10 (1st Cir.1982). Our disposition makes it unnecessary to reexamine our holdings that all of Title VII's civil suit filing periods are jurisdictional.

The Government's characterization of *Huston* is at variance with the Eighth Circuit's view of its case. In *Wingfield v. Goodwill Industries,* the Eighth Circuit described its *Huston* holding as stating, "[I]n the specific context of Title VII, the statutory requirement that an action be 'brought' within the time period is satisfied by presenting a right-to-sue letter to the court and requesting the appointment of counsel." 666 F.2d at 1179 n. 3. *Huston* did not establish an intent test. It is hard to imagine what the purpose of an intent test would be. It seems of little importance whether a *pro se* plaintiff intends his filings to be a formal document known as a "complaint," or whether the plaintiff simply desires to bring an action against an allegedly discriminating employer. The intention to institute an action is plainly present when a *pro se* plaintiff requests counsel specifically to prosecute an action. *See Harris v. Walgreen's Distribution Center,* 456 F.2d 588, 591 (6th Cir.1972); *McQueen v. E.M.C. Plastic Co.,* 302 F.Supp. 881, 884 (E.D.Tex.1969).

It is also significant that even those courts of appeals that have not adopted the *Huston* rule have nevertheless avoided the rigidly technical application of the 30-day filing period urged by the Government. The Sixth Circuit holds that a request for counsel tolls Title VII's filing period until counsel is appointed, and then for a "reasonable time" further until a more formal complaint is filed. *Harris v. Walgreen's Distribution Center,* 456 F.2d at 592. *Accord Moshos v. District Council of New York, Local Union 1456, United Brotherhood of Carpenters,* 386 F.Supp. 21, 23 (S.D. N.Y.1974). The Seventh Circuit takes a similar position, holding that the jurisdictional filing period is "stayed" by a request for appointed counsel. Upon the appointment of counsel, the jurisdictional period begins to run again, pending the filing of a formal complaint. *Harris v. National Tea Co.,* 454 F.2d 307, 310 (7th Cir.1971).

## IV

■ It is undisputed that the improper defendant was named at the top of Rice's timely filing. That, though, does not compel a finding that the proper defendant was not, in fact, named. This court held in *Hoffman v. Halden,* 268 F.2d 280 (9th Cir. 1959), that the question of whether a defendant is properly in a case is not resolved by merely reading the caption of a complaint. Rather, a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant. *Id.* at 303–04. *Accord Tyrolf v. Veterans Administration,* 82 F.R.D. 372, 374–75 (E.D.La.1979).

An examination of the papers filed with Rice's request for counsel shows that the proper defendant, the Secretary of the Navy, was sufficiently identified. Rice attached the Secretary of the Navy's own disposition of Rice's claim to the request for appointed counsel. The EEOC right-to-sue letter, naming the Navy as the responding employer, was attached to the request. It is clear from reading the filing that the Secretary of the Navy is being sued for employment discrimination. *Cf. Atonio v. Wards Cove Packing Co.,* 703 F.2d 329, 330 (9th Cir.1982) (apparent from body of EEOC complaint that employer not named in charge was object of complaint).[2]

■ We might reach a different conclusion if there was any indication that section 717(c)'s requirement of a proper defendant was meant as a trap for the unwary *pro se* litigant. It is unclear exactly what the purpose of the requirement is, though in practice, the requirement allows dismissals of defendants sued improperly. *See, e.g., Nolan v. Cleland,* 686 F.2d 806, 815 n. 18

**2.** The Fourth Circuit once stated:

A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, as is the case here, it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

*United States v. A.H. Fischer Lumber Co.,* 162 F.2d 872, 873 (4th Cir.1947). This advice is not without relevance here.

(9th Cir.1982); *Royal v. Bergland,* 428 F.Supp. 75, 76 (D.D.C.), *appeal dismissed,* 434 U.S. 883, 98 S.Ct. 253, 54 L.Ed.2d 169 (1977). It has not been employed as a method of nonsuiting *pro se* plaintiffs. We are satisfied that the proper defendant is named in a discrimination suit under section 717 where the administrative disposition of the discrimination complaint is attached to a complainant's timely filing.

*Carr v. Veterans Administration,* 522 F.2d 1355 (5th Cir.1975), is not to the contrary. *Carr* concerned a medical malpractice suit against the United States. In that case, the district court had ruled that the plaintiff's failure to name the United States as a party defendant to the action was fatal to the claim. The plaintiff did not appeal this ruling to the Fifth Circuit, and thus the question of whether the proper defendant was identified within the body of the complaint was not before that court. *Id.* at 1356. Further, *Carr* dealt with a simple tort claim, which, unlike Title VII, is not part of a statutory scheme "in which laymen, unassisted by trained lawyers, initiate the process." *Love v. Pullman Co.,* 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972). Since Title VII is such a procedure, a liberal construction of Title VII's procedural provisions may be more appropriate than when considering analogous provisions of other statutes.

We should note that the Government has not suggested that it has been prejudiced by Rice's allegedly deficient pleadings.

On remand, the court should allow Rice to amend the caption of this case pursuant to Fed.R.Civ.P. 15(a) to reflect that this cause is one against the Secretary of the Navy. Rule 15(c) is inapplicable here in light of our holding that the proper defendant was named in the original pleading.

REVERSED and REMANDED.