Karen A. COOPER, Plaintiff-Appellant,

v.

**U.S. POSTAL SERVICE,**
Defendant-Appellee.

No. 83–6106.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 4, 1984.

Decided July 12, 1984.

Mark F. Carolin, San Diego, Cal., for plaintiff-appellant.

Robert H. Plaxico, Asst. U.S. Atty., San Diego, Cal., for defendant-appellee.

Before WALLACE, SCHROEDER, and NELSON, Circuit Judges.

WALLACE, Circuit Judge:

Cooper appeals from the dismissal with prejudice of her Title VII complaint. The district court also denied Cooper's motion to amend her complaint and name the proper defendant. The dismissal was based upon a lack of jurisdiction because Cooper failed to file an action naming the proper defendant within the period provided by 42 U.S.C. § 2000e-16(c). We have jurisdiction under 28 U.S.C. § 1291, and affirm.

I

Cooper is a female employee of the United States Postal Service (USPS). On December 1, 1980, she filed a complaint with USPS's Department of Equal Opportunity, alleging that she had not been selected for a part-time regular carrier position because of gender-based discrimination. On September 30, 1982, Cooper received notice that her claim had been denied and that under 42 U.S.C. § 2000e-16(c) she had thirty days in which to file an action in federal court for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17. On October 29, 1982, one day before the statutory limitations period expired, Cooper filed a complaint naming USPS as the only defendant. She served copies of the complaint on the United States Attorney and the Attorney General in January of 1983, and on the Postmaster General one month later. The record does not indicate when USPS was served. Cooper concedes that she served none of these parties within the thirty-day period that expired on October 30, 1982.

The government subsequently moved to dismiss Cooper's complaint on the ground that she had not named the Postmaster General, who was the proper defendant under 42 U.S.C. § 2000e-16(c). Cooper responded by moving to amend her complaint and substitute the Postmaster General as a defendant under rule 15(c) of the Federal Rules of Civil Procedure. The court denied Cooper's rule 15(c) motion because the Postmaster General had not received notice of Cooper's action within the statutory thirty-day period. The district court also concluded that it lacked jurisdiction because of Cooper's failure to name the proper defendant and dismissed her complaint with prejudice. As the district judge clearly intended his order to be a final disposition of the case, we treat his order as dismissing the action. *Ruby v. Secretary of United States Navy*, 365 F.2d 385, 387 (9th Cir. 1966).

II

On appeal, we must determine whether the district court abused its discretion by denying Cooper's motion to substitute the Postmaster General for USPS in her Title VII action. *See Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1399 (9th Cir.1984) (*Korn*). Our analysis depends on the interplay of 42 U.S.C. § 2000e-16(c) and rule 15(c) of the Federal Rules of Civil Procedure. The former, which governs civil actions against the federal government for Title VII violations, states in part:

Within thirty days of receipt of notice of final action taken by a department, agency, or unit ... on a complaint of discrimination based on ... sex ..., an employee or applicant for employment, if aggrieved by the final disposition of his complaint, ... may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

This section has twofold relevance to Cooper's case. First, it clearly states that "the head of the department, agency, or unit ...

shall be the defendant" in Title VII actions against the federal government. *See, e.g., White v. General Services Administration,* 652 F.2d 913, 916 n. 4 (9th Cir.1981). Thus, the Postmaster General was the only proper defendant for Cooper's action. Second, it gives federal employees only thirty days after receiving notice of final agency action on their claims in which to file suit. *See, e.g., Rice v. Hamilton Air Force Base Commissary,* 720 F.2d 1082, 1083 (9th Cir. 1983) (thirty day limit is jurisdictional).

In view of Cooper's conceded failure to file a complaint against the Postmaster General within the statutory period, her claim must be barred unless her attempt to substitute the Postmaster General as a defendant relates back to the date her original complaint was filed. Rule 15(c), which governs the relation back of amendments to pleadings, states:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Strictly interpreting the rule, the district court determined that the Postmaster General could not be substituted as the defendant under rule 15(c) because he did not "receive such notice of the institution of the action" "within the period provided by law for commencing the action against him." The facts are essentially undisputed. The only issue before us, therefore, is whether the strictures of rule 15(c) should be interpreted other than as literally read.

There is no unanimity among the circuits concerning the proper interpretation of rule 15(c)'s notice provision. The Second, Fifth, and Sixth Circuits have determined that the rule cannot be read literally to require notice to the substitute party within the statutory limitations period. *See Ringrose v. Engelberg Huller Co.,* 692 F.2d 403, 410 (6th Cir.1982) (Jones, J., concurring) (allowing reasonable period for service of process following expiration of statutory period); *accord Kirk v. Cronvich,* 629 F.2d 404, 408 (5th Cir.1980); *Ingram v. Kumar,* 585 F.2d 566, 571–72 (2d Cir.1978), *cert. denied,* 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979).

Other circuits have literally applied rule 15(c)'s strict notice requirement. *Stewart v. United States,* 655 F.2d 741, 742 (7th Cir.1981) ("Having elected to file suit on the last day of the limitations period, plaintiff requests us to add to that period a 'reasonable time' for service of process. We cannot expand the ... period established by Congress."); *accord Hughes v. United States,* 701 F.2d 56, 58–59 (7th Cir. 1982). *See also Archuleta v. Duffy's Inc.,* 471 F.2d 33, 34–36 (10th Cir.1973).

This circuit adheres to a literal interpretation of rule 15(c)'s notice requirement. For example, in *Williams v. United States,* 711 F.2d 893 (9th Cir.1983) (*Williams*), we recently applied a literal interpretation of rule 15(c) in a case quite similar to Cooper's. The plaintiff filed her action against the Federal Aviation Administration (FAA) seven days before the statutory limitations period expired. The district court subsequently granted the FAA's motion to dismiss because the United States was the only proper defendant for the plaintiff's action under the Suits in Admiralty Act. We upheld the district court's denial of the plaintiff's rule 15(c) motion to name the United States as a defendant because the United States did not receive notice of the action until one day after the statutory limitations period had run. *Id.* at 898.

■ Although *Williams* involved the Suits in Admiralty Act rather than Title

717 to some extent

VII, it disposes of this case. Like the *Williams* plaintiff, Cooper did not file her action until the relevant statutory limitations period had almost expired. Again, like the *Williams* plaintiff, Cooper named the wrong party as the defendant and attempted to correct her error by amending her pleading so that it would relate back under rule 15(c). Thus, as in *Williams,* we find that Cooper's failure to notify the substitute defendant of the institution of her action until after the statutory period had run precludes the application of rule 15(c).

█ Cooper argues that she should be allowed to amend her complaint under rule 15(c) because the Postmaster General had informal notice of her claim within the statutory period. In making this argument, Cooper's reliance on our recent decision in *Korn* is misplaced. There, we indicated that "notice of the institution of the action" sufficient to allow substitution of a defendant under rule 15(c) could be informal as well as formal. 724 F.2d at 1399. Under the unique facts of that case, we determined that a ship's owners had adequate notice of an injured passenger's suit when notice of the action's institution was given to another entity with which there was a "sufficient community of interest." *Id.* at 1400–01. In the present case, Cooper contends that the Postmaster General had informal notice of her action because of USPS's participation in the administrative proceedings which preceded the filing of her Title VII action. This argument fails for two reasons. First, the filing of an administrative claim does not impute notice of "the institution of the action"—which is the only notice relevant to rule 15(c). *See Korn,* 724 F.2d at 1400; *Williams,* 711 F.2d at 898; *see also Archuleta v. Duffy's Inc.,* 471 F.2d at 35 ("We cannot say that knowledge of the existence of a potential [Title VII] action [gained through participation in administrative proceedings] constitutes, per se, reasonable grounds for notice of the institution of an action."). Second, even assuming there was a "sufficient community of interest" between the Postmaster General and the governmental parties who were eventually served, Cooper failed to give any of them notice of her action within the statutory period established by 42 U.S.C. § 2000e–16(c). She thus may not now assert the type of imputed notice we found in *Korn.*

### III

We recognize that our literal interpretation of rule 15(c) and the short limitations period established by 42 U.S.C. § 2000e–16(c) combine to produce a seemingly harsh result in this case. Such apparently harsh results in individual cases, however, may be the inevitable corollary of our obligation in all cases to follow precedent and to implement controlling statutes and procedural rules. We may ignore neither the limitations on the filing of Title VII actions contained in section 2000e–16(c) nor the notice requirement for the substitution of parties in amended pleadings established by the plain language of rule 15(c). Whatever hardship these combined provisions work on Title VII plaintiffs can be alleviated only by Congress and the drafters of the Federal Rules of Civil Procedure.

To some extent, rule 15(c) already protects diligent parties litigating against the federal government. The rule's drafters specifically recognized that the relation back of pleadings amended to substitute new defendants was a "problem [that] has arisen most acutely in certain actions by private parties against officers or agencies of the United States." Fed.R.Civ.P. 15 advisory committee note on 1966 amendment. To remedy this problem, rule 15(c) was amended in 1966 to allow parties to give proper notice of the institution of an action by serving process on the "United States Attorney, ... or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named ...." Fed.R.Civ.P. 15(c). Thus, Cooper could have preserved her Title VII action by serving a copy of the complaint on either the United States Attorney or the Attorney General before October 30, 1982. She failed to do so.

AFFIRMED.