**Jimmy Dale LOFTON, in Pro Se, Plaintiff-Appellant,**

v.

**Margaret M. HECKLER, As Secretary of Health and Human Services, et al., Defendant-Appellee.**

**No. 84–2190.**

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 1985 [*].

Decided Feb. 6, 1986.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 3(f) and Fed.R.App.P. 34(a).

Jimmy Dale Lofton, El Cerrito, Cal., pro se.

Joseph P. Russoniello, U.S. Atty., Patrick Ramirez S. Bupara, Chief, Civil Div., Stephen L. Schirle, San Francisco, Cal., for defendant-appellee.

Before SCHROEDER, ALARCON, and BOOCHEVER, Circuit Judges.

PER CURIAM:

Jimmy Dale Lofton appeals from the dismissal of his Title VII action for failure to file a claim within thirty days of the final decision of the Merit Systems Protection Board (MSPB) as required by 5 U.S.C. § 7703(b)(2) (1982). We affirm.

I.

On June 16, 1982, Lofton received notice of an MSPB decision denying his claim that the Social Security Administration had, because of his race, improperly removed him from his attorney-advisor position. He filed a timely petition for review in this court on July 16, 1982. We concluded that we lacked jurisdiction and transferred the action to the district court. *Lofton v. Department of Health & Human Services,* No. 82–5238, (9th Cir. Sept. 15, 1982) (unpublished order). Having named an incorrect party, Lofton amended his complaint on March 22, 1983, to name the proper defendant. On July 27, 1983, the district court dismissed the action without prejudice for failure to name the proper defendant and failure to effect proper service. In dismissing the action, the district court did not consider Lofton's amended complaint naming the proper defendant because Lof-

ton "failed to serve this amended complaint in accordance with Fed.R.Civ.P. 4(d)(5)." Lofton moved to vacate the dismissal order and to recuse the district court judge but the district court judge denied the motions. Subsequently, on December 16, 1983, Lofton filed a document entitled "amended complaint." That document is the subject of this appeal. The district court dismissed the complaint for lack of subject matter jurisdiction.

## II.

█ The court of appeals reviews de novo a district court's decision on subject matter jurisdiction. *Clayton v. Republic Airlines, Inc.*, 716 F.2d 729, 730 (9th Cir. 1983). It may affirm on any ground supported by the record even though the grounds relied on by the district court are different from the ones outlined by the appellate court. See, *Salmeron v. United States*, 724 F.2d 1357, 1364 (9th Cir.1983).

## III.

█ 5 U.S.C. § 7703(b)(2) sets forth the procedure for seeking review of MSPB decisions. It requires that "any such case ... be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action." The statutory time periods for filing Title VII actions are jurisdictional and are strictly enforced. See, e.g., *Cooper v. United States Postal Service*, 740 F.2d 714, 716 (9th Cir.1984), cert. denied, —— U.S. ——, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985) (construing 30-day requirement of 42 U.S.C. § 2000e–16(c) as jurisdictional); *Cleveland v. Douglas Aircraft Co.*, 509 F.2d 1027, 1029–30 (9th Cir.1975) (construing 42 U.S.C. § 2000e–5(e) as jurisdictional). This court has construed as jurisdictional the thirty-day filing requirement of 5 U.S.C. § 7703(b)(1) which concerns direct appellate review of MSPB decisions not involving claims of discrimination. *Boehm v. Foster*, 670 F.2d 111, 113 (9th Cir.1982). This same construction applies to the thirty-day period established by section 7703(b)(2) for review by the district court of Title VII claims initially brought before the MSPB. *King*

*v. Dole*, 595 F.Supp. 1140, 1144 (D.D.C. 1984). Thus, under section 7703(b)(2), failure to file within thirty days after receipt of notice of a judicially reviewable action deprives the court of jurisdiction.

In view of Lofton's failure originally to file a complaint against the proper defendant within the thirty-day statutory period, his claim must be barred unless his December 16, 1983 "amended complaint" substituting the proper party relates back to the date his original complaint was filed.

█ Rule 15(c), which governs the relation back of amendments to pleadings, states:

> An amendment changing the party against whom a claim is asserted relates back if ..., within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Fed.R.Civ.P. 15(c). This circuit adheres to a literal interpretation of the Rule 15(c) notice requirement. For example, in *Cooper*, 740 F.2d at 717, we found that Cooper's failure to notify the substitute defendant of her action until after the statutory period had run precluded the favorable application of Rule 15(c). Similarly, in *Williams v. United States*, 711 F.2d 893, 898 (9th Cir.1983), we upheld the district court's denial of the plaintiff's Rule 15(c) motion to name the United States as a defendant because the United States had not received notice of the action until one day after the statute of limitations had run. Thus Lofton's attempt to substitute the Secretary of Health and Human Services is ineffective because the Secretary did not receive notice of Lofton's action until several months after the thirty-day statutory period had run. Lofton's December 16, 1983 complaint thus cannot relate back and the district court properly dismissed the action for lack of jurisdiction.

Lofton could have preserved his Title VII action by filing the amended complaint designating the proper party if he had given notice to the United States before July 17, 1982.[1] He failed to do so. Therefore, Lofton's December 16, 1983 amended complaint cannot relate back to date of filing his original complaint. The district court was without jurisdiction to consider the December 16, 1983 complaint and correctly dismissed the action. For that reason we need not consider the merits of the other issues raised in this appeal.

The judgment is AFFIRMED.

---

1. The rule's drafters specifically recognized that the notice provision of 15(c) can work harsh results, most acutely in actions by private parties against officers or agencies of the United States. Fed.R.Civ.P. 15 advisory committee notes on 1966 Amendment. To remedy this problem, Rule 15(c) was amended in 1966 to allow the parties to give proper notice of an action by serving process on either the "United States Attorney, ... or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named." See also, Cooper, 740 F.2d at 717.