**Timothy V. HYMEN,**
**Plaintiff-Appellant,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Defendant-Appellee.**

No. 85–5738.

United States Court of Appeals,
Ninth Circuit.

Argued May 6, 1986.

Submitted July 31, 1986.

Decided Sept. 19, 1986.

Timothy V. Hymen, pro se.

Ian Fan, U.S. Atty., Los Angeles, Cal., James A. Friedman, U.S. Postal Service, Washington, D.C., for defendant-appellee.

Before SCHROEDER and HALL, Circuit Judges, and BROWNING,* District Judge.

PER CURIAM.

Hymen appeals the dismissal by the district court of his discrimination claims brought pursuant to 5 U.S.C. § 7703(b)(2). He also appeals the transfer of his nondis-

crimination claims to the Federal Circuit and the dismissal of his Freedom of Information Act (FOIA) claims for failure to exhaust administrative remedies. We affirm all three actions of the district court.

■ Hymen's discrimination claims were dismissed by the district court for lack of jurisdiction. Hymen filed his complaint within 30 days as required by 5 U.S.C. § 7703(b)(2), but the complaint did not name the Postmaster General as a defendant in the action as required by 42 U.S.C. § 2000e–16(c). Cases in this circuit hold that the naming of the proper defendant within the 30–day period is a jurisdictional requirement. *Lofton v. Heckler*, 781 F.2d 1390, 1392 (9th Cir.1986); *Cooper v. United States Postal Service*, 740 F.2d 714, 716 (9th Cir.1984), *cert. denied*, 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985). We have also held that the requirement is satisfied where the pro se litigant attached as part of his complaint an administrative order which named the proper defendant. *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1084–86 (9th Cir. 1983). The papers which this appellant submitted with his complaint, however, did not name the Postmaster General.

■ The district judge did not err in refusing to allow Hymen to amend his complaint to name the Postmaster General because the attempt at amendment occurred well after the 30–day limitations period for bringing an action to review a decision of the Merit Systems Protection Board under 5 U.S.C. § 7703(b)(2). Under Fed.R.Civ.P. 15(c), the proper defendant must be provided actual notice of the action within the statutory limitations period in order for the amendment to relate back to the date of the initial filing. This notice requirement is to be strictly construed. *Schiavone v. Fortune*, — U.S. —, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986); *Lofton*, 781 F.2d at 1392.

Because the district court properly dismissed Hymen's discrimination claims, it no

* Honorable William D. Browning, United States District Judge for the District of Arizona, sitting by designation.

longer had jurisdiction over the nondiscrimination claims. 5 U.S.C. § 7703(b)(1). Ordering these claims transferred to the Federal Circuit was therefore appropriate.

The FOIA requires that administrative appeals be exhausted before suit may be brought in federal court. 5 U.S.C. § 552(a). *See United States v. United States District Court*, 717 F.2d 478, 480 (9th Cir.1983). The Merit Systems Protection Board has issued regulations providing for such appeals. *See* 5 C.F.R. § 1204.21, but Hymen nonetheless failed to take this route. The district court thus properly dismissed the FOIA claims for lack of subject matter jurisdiction.

Affirmed.