Lue Vonia CUPP, Plaintiff,

v.

VETERANS ADMINISTRATION
HOSPITAL, Defendant.

No. C-87-2779-CAL.

United States District Court,
N.D. California.

Dec. 14, 1987.

Irene A. Ogi, Oakland, Cal., for plaintiff.

Mary Beth Donley, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

LEGGE, District Judge.

Defendant's motion to dismiss requires the court to decide whether plaintiff's Title VII complaint named the proper defendant during the statute's jurisdictional filing period. After reviewing the record and the applicable authorities, the court holds that it did, and therefore denies defendant's motion to dismiss.

### I.

The Veterans Administration Hospital in Palo Alto, California employed plaintiff, who is black, for twenty-eight years, the last twenty as a Nursing Assistant, GS-5. The hospital allegedly declined to promote her to the position of Nursing Assistant, GS-6, on at least five occasions despite finding her qualified for the promotion.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), which determined that she had presented a *prima facie* case of discrimination by the hospital. The Veterans Administration declined to adopt the recommended decision of the EEOC and instead sent plaintiff a right-to-sue letter, which she received on May 12, 1987.

On June 4, 1987, plaintiff filed her complaint in this action, in *pro per*, along with a request to proceed *in forma pauperis*. The complaint consists of a form provided by the court entitled "employment discrimination complaint," and plaintiff named as the only defendant the "V.A. Hospital."

On June 10, 1987, plaintiff filed with this court (1) a copy of her right-to-sue letter, the administrative determination of non-discrimination made by the Veterans Administration, and (2) the Investigation Report of the EEOC. The right-to-sue letter consists of a cover sheet signed by the V.A.'s As-

sistant General Counsel in Washington, D.C., a Statement of Appeal Rights, and a Decision by the Assistant General Counsel in the form of a written opinion. The EEOC Investigation Report contains a cover letter from the Director of the V.A. Medical Center in Palo Alto, along with a statement of procedural requirements and appeal rights. The report itself contains the caption "Lue Vonia Cupp/Complainant vs Veterans Administration Medical Center, Palo Alto, California/Respondent."

On June 15, 1987, this court granted plaintiff's request to proceed *in forma pauperis* and ordered the United States Marshal to serve the summons and complaint. The Marshal served the United States Attorney on June 24, 1987.[1]

Defendant then made the present motion to dismiss, arguing that plaintiff has failed to name the proper defendant within the time period required by Title VII. Plaintiff opposed the motion and moved to amend her complaint to name the Administrator of the Veterans Administration as the defendant. The motions were briefed, argued, and submitted for decision.

## II.

■■■ Section 717(c) of Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, provides that

> Within thirty days of receipt of notice of final action taken by a department, agency, or unit . . . on a complaint of discrimination based on race [or] sex . . ., an employee or applicant for employment, if aggrieved by the final disposition of his complaint, . . . may file a civil action as provided in section 2000e–5 of this title in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

1. The timing of those steps was therefore as follows:

| Day | Date | Event |
|---|---|---|
| 1 | May 12 | Pltf received right-to-sue letter |
| 23 | June 4 | Pltf filed complaint and IFP petition |
| 29 | June 10 | Pltf filed copy of right-to-sue letter and EEOC Investigation Report |

U.S.C. § 2000e–16 (1981). The thirty-day time limit specified in this section is jurisdictional. *See, e.g., Koucky v. Department of Navy,* 820 F.2d 300 (9th Cir.1987). The *only* proper defendant in such an action is the head of the department, agency, or unit, *White v. General Servs. Admin.,* 652 F.2d 913, 916 n. 4 (9th Cir.1981), in this case Mr. Thomas Turnage, the Administrator of the Veterans Administration. If plaintiff failed to name the appropriate defendant within the thirty-day time period, her complaint must be dismissed. *Koucky,* 820 F.2d at 302; *Cooper v. United States Postal Service,* 740 F.2d 714 (9th Cir.1984), *cert. denied,* 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985).

Neither party disputes that above the caption "defendant(s)" on the form complaint provided by the court, plaintiff wrote the words "V.A. Hospital." The government does not argue that it has been prejudiced by this circumstance. Nevertheless, it urges that plaintiff's failure to write the words "Administrator of the Veterans Administration" compels the court to order dismissal. The court disagrees for the following reasons.

## III.

In *Rice v. Hamilton Air Force Base Commissary,* 720 F.2d 1082 (9th Cir.1983), the Ninth Circuit reversed a district court's dismissal of a *pro se* plaintiff's Title VII action on the ground of plaintiff's failure to name the proper defendant. Because of the distinctions which defendant argues here, it is worth quoting the Ninth Circuit's opinion at length on this issue:

> It is undisputed that the improper defendant was named at the top of Rice's timely filing. That, though, does not compel a finding that the proper defendant was not, in fact, named. This court held in *Hoffman v. Halden,* 268 F.2d 280

| Day | Date | Event |
|---|---|---|
| 30 | June 11 | End of Title VII limitations period for filing complaint |
| 34 | June 15 | Court ordered service of complaint |
| 43 | June 24 | Marshals served U.S. Attorney |

(9th Cir.1959), that the question of whether a defendant is properly in a case is not resolved by merely reading the caption of a complaint. Rather, a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant.....

An examination of the papers filed with Rice's request for counsel shows that the proper defendant, the Secretary of the Navy, was sufficiently identified. Rice attached the Secretary of the Navy's own disposition of Rice's claim to the request for appointed counsel. The EEOC right-to-sue letter, naming the Navy as the responding employer, was attached to the request. It is clear from reading the filing that the Secretary of the Navy is being sued for employment discrimination....

We might reach a different conclusion if there was any indication that section 717(c)'s requirement of a proper defendant was meant as a trap for the unwary *pro se* litigant. It is unclear exactly what the purpose of the requirement is, though in practice the requirement allows dismissals of defendants sued improperly.... It has not been employed as a method of nonsuiting *pro se* plaintiffs. *We are satisfied that the proper defendant is named in a discrimination suit under 5section 717 where the administrative disposition of the discrimination complaint is attached to a complainant's timely filing.* (emphasis added)

720 F.2d at 1085–86 (citations and footnote omitted).

From both its language and its holding, *Rice* appears dispositive of this motion. However, defendant argues that *Rice* "does not help the plaintiff in this case because the administrative decision attached to plaintiff's complaint was not signed by the Administrator of the Veterans Administration and does not name the Administrator of the Veterans Administration anywhere."

■ The answer to that argument is that the court in *Rice* did not impose a signa-

ture requirement or invent any new formal, technical procedures to supplement those in section 717(c). The *Rice* court's reference to "the Secretary of the Navy's own disposition of Rice's claim" was not an indication that the Secretary himself had signed the administrative decision, or even that the Secretary's name appeared. Rather, the *Rice* court recognized that section 717(c) denominates the agency head, there the Secretary of the Navy, as the employer in a Title VII case, and that administrative actions taken by the agency are those of the Secretary. There is no indication that the Secretary of the Navy had been personally involved in the resolution of Rice's employment grievance, or that any government agency head, in the normal course of affairs, receives *actual* notice of the filing of a Title VII suit. The *Rice* court accurately assessed the sort of argument advanced by the government here:

A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, as is the case here, ·it has fulfilled its purpose, and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

720 F.2d at 1085 n. 4 (quoting *United States v. A.H. Fischer Lumber Co.,* 162 F.2d 872, 873 (4th Cir.1947)). Thus, the administrative disposition of Rice's claim "sufficiently identified" the proper defendant for the purposes of section 717(c)'s filing requirements. The same is true in this case; the right-to-sue letter and the EEOC Investigative Report adequately identified the proper defendant as the Administrator of the Veterans Administration.

Defendant's argument, however, is supported by *Hymen v. Merit Systems Protection Bd.,* 799 F.2d 1421 (9th Cir.1986). *Hymen* is a brief, *per curiam* opinion in which the court stated: "We have also held that the requirement [of naming the agency head as defendant] is satisfied where the pro se litigant attached as part of his

complaint an administrative order which named the proper defendant." *Id.* at 1422 (citing *Rice*); *see also Kimmons v. Veterans Admin. Hosp.,* — F.Supp. —, No. C–86–5813–MHP (N.D.Cal. May 13, 1987) (*Hymen* "has limited *Rice* to its facts."). However, this court is unable to reconcile *Hymen*'s characterization of *Rice* with *Rice*'s unqualified holding that "the proper defendant is named in a discrimination suit under section 717 where the administrative disposition of the discrimination complaint is attached to a complainant's timely filing." 720 F.2d at 1086.

Confronted with that apparent conflict in circuit court holdings, this court has examined the reasoning of the cases. The *Rice* court was expressly

> guided by the principle that "[t]he Equal Employment Opportunity Act is a remedial statute to be liberally construed in favor of the victims of discrimination." *Mahroom v. Hook,* 563 F.2d [1369] at 1375 [9th Cir.1977]. This liberal construction of the technical aspects of section 717 is particularly appropriate where the complainant, as here, is a layman proceeding in *pro se*..... This liberal reading of the statute is in harmony with the Supreme Court's admonition that "a technical reading [of Title VII] would be 'particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process.'" *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 397, 102 S.Ct. 1127, 1134, 71 L.Ed.2d 234 (1982) (quoting *Love v. Pullman Co.,* 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972)).

The *Rice* court's analysis was made in light of the statutory purposes, and took its guidance from United States Supreme Court decisions. In contrast, the opinion in *Hymen* appears to be a perfunctory application of precedent in the affirmance of a lower court. More explanation from the *Hymen* court would have been appropriate if it had intended to overrule or limit *Rice*

as drastically as might appear from *Hymen*'s short statement. Accordingly, this court feels bound by the holding and the more extensive discussion in *Rice.*

IV.

For the foregoing reasons, IT IS ORDERED that:

(1) defendant's motion to dismiss the complaint is denied;

(2) plaintiff's request to amend her complaint is granted under Fed.R.Civ.P. 15(a),[2] and plaintiff may have thirty (30) days to amend; and (3) a status conference is scheduled for January 28, 1988, at 11:00 a.m.[3]

IT IS SO ORDERED.

**2.** The issue of the relation-back of plaintiff's amendment does not arise, because the court holds that the proper defendant was named in the original complaint. *See Rice,* 720 F.2d at 1086.

**3.** The court acknowledges the assistance of J. Daniel Sharp in the preparation of this opinion.