**Henry H. COLEMAN, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**Civ. A. No. 87–331–1–MAC (WDO).**

United States District Court, M.D. Georgia, Macon Division.

April 13, 1988.

Henry H. Coleman, Macon, Ga., for plaintiff.

Frank L. Butler, III, Macon, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

This matter is before the court on defendant's motion to dismiss the *pro se* plaintiff's claim of racial discrimination. First, defendant argues that plaintiff has failed to include in his complaint a short and concise statement of jurisdiction. Second, defendant contends that plaintiff has failed to state a claim upon which relief can be granted because plaintiff has failed to

name or serve the proper party defendant. Finally, plaintiff points out that plaintiff omitted from his administrative complaint before the Equal Employment Opportunity Commission ("EEOC") but included in the complaint in this action an allegation that he was precluded from applying for a particular postmaster position in Chauncey, Georgia. Defendant argues that the court is without jurisdiction to entertain plaintiff's allegations regarding this position. Plaintiff has not responded to defendant's motion.

Facts:

Plaintiff Henry H. Coleman had served with the United States Postal Service since 1959. On several occasions in late 1984 and early 1985, plaintiff applied for certain postmaster positions, including positions in Bolingbroke, Georgia (November 29, 1984); Ellerslie, Georgia (December 24, 1984); Putney, Georgia (December 24, 1984); and Omega, Georgia (April 3, 1985). Plaintiff was not selected for any of the four positions. Following informal discussions with the Postal Service's Equal Employment Opportunity ("EEO") counselor, plaintiff filed four formal complaints with the EEOC, alleging discrimination in the selection process. These complaints evolved through the normal channels. Ultimately, the EEOC determined that Mr. Coleman had not been a victim of discrimination. The Office of Review and Appeals of the EEOC upheld these findings in its decision dated September 30, 1987.[1] By certified mail dated October 3, 1987, plaintiff received the Commission's final decision. *See* Defendant's Memorandum in Support of Motion to Dismiss, Exhibit 9.

This EEOC decision also informed plaintiff of his right to file a civil action. "You are hereby notified that the attached decision in your case is final. You have the right to file a civil action in the appropriate United States District Court *WITHIN THIRTY (30) DAYS* from the date that you received this decision." Defendant's Memorandum in Support of Motion to Dismiss,

Exhibit 1, Attachment 8 (emphasis in original). The notice informing plaintiff of his right to file a civil action also contained the following cautionary directions:

*YOU MUST NAME THE APPROPRIATE OFFICIAL AGENCY OR DEPARTMENT HEAD AS THE DEFENDANT....* Failure to provide the *NAME OR OFFICIAL TITLE* OF THE AGENCY HEAD OR, WHERE APPROPRIATE, THE DEPARTMENT HEAD, MAY RESULT IN THE LOSS OF ANY JUDICIAL REDRESS TO WHICH YOU MAY BE ENTITLED.... You must be sure that the proper defendant is named when you file your civil action.

*Id.* (emphasis in original).

Plaintiff filed the instant complaint on October 30, 1987, naming as defendant the United States Postal Service. Plaintiff contends both that he applied but was not selected for the position of Postmaster EAS-11, Bolingbroke, Georgia and that this personnel decision was racially motivated. In his complaint, plaintiff prays for reinstatement,[2] back pay and a position equal to the Bolingbroke position. Plaintiff served the United States Attorney's office in Macon, Georgia on November 18, 1987, and he served local postal officials in Macon, Georgia on November 30, 1987.

Discussion:

"A pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends...." Fed.R. Civ.P. 8(a)(1). Plaintiff's complaint does not obviously contain the required "short and plain statement." Instead, plaintiff alleges that he has been "denied the rights and opportunities afforded [him] in title seven of the Civil Rights act of 1964 [sic]." Plaintiff's Complaint.

■ Section 717(c) of the Civil Rights Act of 1964, as amended, provides the exclusive judicial remedy for the redress of federal employment discrimination.[3]  42

---

1. *See* Defendant's Memorandum in Support of Motion to Dismiss, Exhibit 1, Attachment 8.

2. Plaintiff resigned from the United States Postal Service on or about May 18, 1987.

3. Plaintiff also asserts that certain personnel

U.S.C. § 2000e–16(c). *See Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Clearly, plaintiff has alleged a violation of this section. Considering plaintiff's allegation in conjunction with the principle that a litigant proceeding *pro se* is entitled to special consideration by the court,[4] this court finds that plaintiff has pleaded his case in a manner sufficient to invoke the jurisdiction of this court.

Defendant's second point, that plaintiff has failed to name the proper party defendant, is a more serious attack upon plaintiff's case. An employee may file a civil action, in which the head of the department, agency or unit shall be the named defendant, "[w]ithin thirty days of receipt of notice of final action taken ... by the Equal Employment Opportunity Commission...." 42 U.S.C. § 2000e–16(c). A Title VII suit, brought by an employee of the federal government, "can be brought only against the head of the department, agency or unit against which discrimination is alleged." *Des Roches v. United States Postal Service*, 631 F.Supp. 1375, 1378 (D.N.H. 1986), and the cases cited therein.

Plaintiff in the instant case named as defendant not the Postmaster General Preston R. Tisch but the United States Postal Service. Ordinarily, such an error could be corrected by amending the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Rule 15(c) states as follows:

> An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied [claim arises out of conduct set forth in original pleading] and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits,

and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

> The delivery or mailing of process to the United States Attorney, or the United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

Fed.R.Civ.P. 15(c).

The United States Supreme Court has addressed the application of Rule 15(c). *See Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). The court stated as follows:

> Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must [know] or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) *the second and third requirements must have been fulfilled within the prescribed limitations period.*

*Id.* at 29, 106 S.Ct. at 2384, 91 L.Ed.2d at 27 (emphasis added). In *Schiavone*, the complaints as originally drawn were filed within the limitations period and named as defendant "Fortune." Service was attempted after the expiration of that period. The amendments to the complaints, which included Time, Incorporated, as the defendant, and the service subsequent thereto, likewise occurred after the limitations period had expired. On these facts, the Supreme Court found that "notice to Time ...

---

decisions were made in reprisal to plaintiff's filing of EEO complaints. This court notes that such reprisals are prohibited by 42 U.S.C. § 2000e–3(a). Actions predicated upon allegations of reprisal are properly before the court pursuant to 42 U.S.C. § 2000e–16(c). *See Cani-*

*no v. United States E.E.O.C.*, 707 F.2d 468 (11th Cir.1983); *Porter v. Adams,* 639 F.2d 273 (5th Cir.1981).

**4.** *See Griffith v. Wainwright,* 772 F.2d 822, 825 n. 6 (11th Cir.1985).

did not come into being 'within the period provided by law for commencing the action against' Time, as is so clearly required by Rule 15(c).... This is fatal, then, to petitioners' litigation." *Id.* at 30, 106 S.Ct. at 2385, 91 L.Ed.2d at 28. The Court noted that the linchpin to Rule 15(c) is "notice, and notice within the limitations period." *Id.* at 31, 106 S.Ct. at 2385, 91 L.Ed.2d at 29.

In the case *sub judice,* plaintiff erroneously named as the proper party defendant the United States Postal Service. 42 U.S.C. § 2000e–16(c) requires that a plaintiff name as the proper party defendant the Postmaster General. Any attempt by plaintiff to amend his complaint to name the proper party falls without the thirty day limitations period prescribed by the statute for bringing this action. Notice to the Postmaster General, then, would not occur until after the period provided by law for commencing the action. Thus, such amendment would be precluded by Rule 15(c) as interpreted in *Schiavone.*[5] *See Hymen v. Merit Systems Protection Board,* 799 F.2d 1421, 1422 (9th Cir.1986) (proper defendant must receive actual notice of the action within the statutory period for the amendment to relate back to the initial filing, and therefore, district judge did not err in refusing to allow plaintiff to amend complaint to name the Postmaster General);[6] *Gonzales v. Secretary of Air Force,* 824 F.2d 392, 394–96 (5th Cir.1987).

Conclusion:

Plaintiff in this case is the victim of a requirement which at first glance appears relatively innocuous. When filing a civil action in a federal district court to pursue a claim of racial discrimination, a federal employee must name as the proper party defendant the agency or department head. Failure to name the proper party defendant is grounds for dismissal. Plaintiff has failed to name the Postmaster General as the defendant in this case, and any attempt to amend the complaint in this situation is precluded by Rule 15(c). The result is harsh, but the law is clear. Ordinarily, this court would notify plaintiff of the ramifications of defendant's motion. In this instance, however, such notice and any response by plaintiff based thereon would be of no avail. Thus, the defendant's motion to dismiss is hereby GRANTED.[7]

---

5. Plaintiff served process in this case on November 16, 1987 and on November 30, 1987. Without commenting upon the propriety of such service, the court notes that the thirty day limitations period for the filing of this action expired on November 2, 1987. Thus, any notice which might be imputed to the Postmaster General as a consequence of such service also falls outside the limitations period.

6. In *Hymen,* the Ninth Circuit noted that the requirement to name the proper defendant may be satisfied by a *pro se* litigant's attachment as part of his complaint an administrative order which named the proper defendant. *Hymen,*

799 F.2d at 1422, citing *Rice v. Hamilton Air Force Base Commissary,* 720 F.2d 1082, 1084–86 (9th Cir.1983). This court's examination of plaintiff's complaint discovers no attachments naming the Postmaster General. Instead, the EEOC final decision attached to the complaint identifies as the defendant the United States Postal Service. *See* Plaintiff's Complaint.

7. Since the court's order disposes of this action, the court finds it unnecessary to address defendant's contention regarding the postmaster position in Chauncey, Georgia.