**Dennis C. BARSTEN,**
**Plaintiff–Appellant,**

v.

**DEPARTMENT OF the INTERIOR,**
**Defendant–Appellee.**

No. 88–1927.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 1989.*

Decided Feb. 21, 1990.

Dennis C. Barsten, pro se, Fair Oaks, Cal., for plaintiff-appellant.

Karen L. Patterson, Asst. U.S. Atty., Sacramento, Cal., for defendant-appellee.

Before CHOY, CANBY and NORRIS, Circuit Judges.

CANBY, Circuit Judge:

Appellant Dennis C. Barsten brought this action under the Rehabilitation Act, 29 U.S.C. § 794a(a)(1), alleging that he had been unlawfully terminated from employment at the Department of the Interior because of a physical handicap. The Department moved to dismiss for lack of subject matter jurisdiction because Barsten named the Department, rather than the Secretary, as defendant. The district court granted the Department's motion, and Barsten appealed. We reverse and remand the case to the district court.

■ The Rehabilitation Act, 29 U.S.C. § 794a(a)(1), makes the rights, remedies

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth
Circuit Rule 34–4 and Fed.R.App.P. 34(a).

and procedures set forth in the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, applicable to claims of handicap discrimination asserted by federal employees. Under § 2000e–16(c), Barsten should have named the Secretary of the Interior, not the Department of the Interior, as the defendant in his complaint. This court has viewed as jurisdictional a failure to name and serve the proper defendant within the thirty-day time period for filing a complaint. *Lofton v. Heckler,* 781 F.2d 1390, 1392 (9th Cir. 1986).

█ We have held, however, that even if an improper defendant is indicated in the caption, we may consider a complaint to have named the proper defendant "if the allegations made in the body of the complaint make it plain that the party is intended as a defendant." *Rice v. Hamilton Air Force Base Commissary,* 720 F.2d 1082, 1085 (9th Cir.1983). In *Rice,* a *pro se* litigant filed with the court a "request for appointment of counsel," which stated that the employer against whom he sought relief was "Hamilton AFB Commissary." The proper defendant was the Secretary of the Navy. We held that the "request" was to be viewed as a complaint, and that the body of the complaint adequately identified the Secretary of the Navy as the proper defendant because it included "the Secretary of the Navy's own disposition of Rice's claim" and the right-to-sue letter of the EEOC "naming the Navy as the responding employer." *Id.*

We would be tempted to say that the designation of the "Department of the Interior" in the caption of Barsten's complaint is itself sufficient to indicate that Barsten is attempting to sue the Secretary,[1] but we have previously ruled to the contrary. *See Cooper v. United States Postal Service,* 740 F.2d 714, 715 (9th Cir.1984) (complaint against United States Postal Service insufficient when proper defendant is Postmaster General). Certainly a distinction between the Department and the Secretary is the kind of technicality that gives litigation a bad name; no one has the slightest doubt who is to defend this lawsuit, and the government makes no suggestion of prejudice. As the Fourth Circuit has said:

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant ... it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else.

*United States v. A.H. Fischer Lumber Co.,* 162 F.2d 872, 873 (4th Cir.1947).

We do not rely on Barsten's caption, however. He attached to his complaint letters from the Department of the Interior rejecting, at various stages, his grievances. The nature of his complaint and the parties allegedly responsible were adequately set forth. We conclude that "the allegations in the body of the complaint make it plain that the [Secretary] is intended as a defendant," within the meaning of *Rice,* 720 F.2d at 1085. Moreover, the government's own moving papers append a letter from the Office of the Secretary rejecting Barsten's complaint.

We do not view our later decision in *Hymen v. Merit Systems Protection Bd,* 799 F.2d 1421 (9th Cir.1986), as contrary to the result we reach. In *Hymen,* we held that a complaint was properly dismissed for failure to name the Postmaster General as the defendant. We stated that the papers that the appellant submitted with his complaint "did not name the Postmaster General." *Id.* at 1422. The opinion in *Hymen* did not further describe the papers submitted, nor the extent of misdescription of the proper defendant. We do not, however, interpret *Hymen* to require any precise words to denominate the defendant; the *Hymen* opinion recognizes that *Rice* permits the "naming" of the proper defendant by incorporation of the administrative order rejecting the claim. *Id. Rice,* as we have already pointed out, simply requires that "the allegations in the body of the complaint make it plain that the party is

---

1. The likelihood of confusion was much greater in *Rice,* where the plaintiff named as his employer an Air Force Base Commissary, and the proper defendant was the Secretary of the Navy. *Rice,* 720 F.2d at 1084.

intended as a defendant." *Rice,* 720 F.2d at 1085. Whatever the failures of the plaintiff in *Hymen,* we conclude that Barsten has made his intent clear here. On remand, Barsten is to be allowed to amend the caption of this complaint pursuant to Fed.R.Civ.P. 15(a). Rule 15(c) is inapplicable in light of our holding that Barsten adequately named the Secretary in this complaint. *See Rice,* 720 F.2d at 1086.[2]

Finally, the Department urges us to affirm the dismissal of Barsten's complaint because he failed to exhaust his administrative remedies, which is a prerequisite to a § 2000e–16 claim. The Department acknowledges, however, that the district court did not reach this issue in granting the motion for dismissal. We decline to consider the issue here, believing that the wiser course is to allow the district court to rule on it in the first instance.

The judgment of the district court is reversed, and the case is remanded to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

---

**2.** Our ruling that the original complaint adequately named the proper defendant distinguishes this case and *Rice* from those decisions that deny amendment for failure to *name and serve* the proper party within the 30–day limitation period. *See, e.g., Lofton v. Heckler,* 781 F.2d 1390 (9th Cir.1986); *Cooper v. United States Postal Service,* 740 F.2d 714 (9th Cir. 1984), *cert. denied,* 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1988).