NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAY CHRIS OLSON, <br><br>                  Plaintiff-Appellant, <br><br>    v. <br><br> IDAHO DEPARTMENT OF CORRECTION; MEDICAL CORIZON SECURITY STAFF, Named and unnamed individuals in their official and individual capacity, <br><br>                  Defendants-Appellees. | No. 21-35583 <br><br> D.C. No. 1:20-cv-00396-BLW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted August 17, 2022[**]

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Idaho state prisoner Jay Chris Olson appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We reverse and remand.

The district court dismissed Olson's action because Olson did not name any individual defendant in the caption of the amended complaint. However, Olson identified individual defendants in the body of the amended complaint. *See Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) ("[T]he question of whether a defendant is properly in a case is not resolved by merely reading the caption of a complaint. Rather, a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant."). Moreover, after dismissal, Olson attempted to file an amended caption curing the deficiencies, and on appeal, Olson again clarifies that the defendants are Sgt. David Gould, Sgt. Hammer, C.O. Wishman, C.O. Comacho, C.O. Marmenti, C.O. Varela, C.O. Fugi, Nurse Julie, Nurse Steve, Tonya McMillian, Celia Worley, and Summer Eldridge. In his amended complaint, Olson alleged that these defendants improperly treated his medical condition, refused his request for a wheelchair, pepper sprayed him twice in the face while he posed no threat, denied him decontamination procedures, used excessive force to remove him from a cell, injuring him severely, and refused to treat his persistent pain. Liberally construed, these allegations "are sufficient to

2                                                                                    21-35583

warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *see also Hudson v. McMillian*, 503 U.S. 1, 5-7 (1992) (setting forth elements of an excessive force claim in the prison context); *Toguchi v. Chung*, 391 F.3d 1051, 1056-60 (9th Cir. 2004) (setting forth elements of a medical deliberate indifference claim). We therefore reverse the judgment and remand for further proceedings. On remand, the district court should consider consolidating this action and District Court Case No. 1:21-cv-00066-BLW.

All pending motions and requests are denied.

**REVERSED and REMANDED.**