John D. MORRIS, Plaintiff,

v.

The BONNEVILLE POWER ADMINISTRATION, an agency of the U.S. Government, Defendant.

Civ. No. 87–493–FR.

United States District Court, D. Oregon.

Oct. 26, 1987.

Phil M. Kelley, Portland, Or., for plaintiff.

Charles H. Turner, U.S. Atty., Judith D. Kobervigg, Asst. U.S. Atty., Portland, Or., for defendant.

## OPINION

FRYE, District Judge:

The matter before the court is defendant's motion to dismiss plaintiff's complaint or motion for summary judgment.

Plaintiff, John D. Morris, brings this action alleging discrimination on the basis of handicap against defendant, the Bonneville Power Administration (BPA), under the provisions of 42 U.S.C. § 2000e. Morris alleges that he has a military service related passive-aggressive personality disorder which entitles him to veteran's preference in employment matters. Morris seeks a declaration that the BPA violated his civil rights, an order requiring the BPA to reemploy him, back pay, and one million dollars in general damages.

The BPA moves to dismiss this action or for summary judgment on the ground that Morris failed to name James Jura, the Administrator of the BPA, or the Secretary of the Department of Energy as required by the provisions of Title VII of the Civil Rights Act of 1964. In response to the BPA's motion, Morris filed an amended pleading naming James A. Jura as defendant. Under Fed.R.Civ.P. 15(a), Morris was entitled to file an amended complaint since the BPA had not filed a responsive pleading to the complaint.

While Morris' original complaint was filed within the thirty-day statutory period, it was not filed against the proper defendant. Morris' amended complaint was not filed within the thirty-day statutory period. Therefore, Morris' claim is barred unless his amended complaint relates back to the date his original complaint was filed.

Fed.R.Civ.P. 15(c) provides in relevant part:

(c) Relation Back of Amendments.... An amendment changing the party against whom a claim is asserted relates back if ... within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Morris asserts that his proposed amendment is entitled to relation back under Fed.R.Civ.P. 15(c) because Jura had actual notice of the pending litigation prior to the expiration of the thirty-day period. In support of this assertion, Morris relies upon a letter sent to Jura by his counsel dated March 18, 1987. That letter, in full, is as follows:

March 18, 1987

Dear Mr. Jura:

Since you have already signed the March 17, 1987, "Proposed Disposition" letter in your capacity as "EEO Officer," it is an absurdity to follow the course of action you suggest on page 5 of that letter, which is to advise you that we are dissatisfied with your proposed distribution in order that you will adopt your proposed disposition as your final decision. Whether we notify you of our dissatisfaction or not, the result will be the same, except that if we do not notify you, the process will take another 15 days. It should be obvious that we are dissatisfied and equally obvious what will be your final decision; therefore, I humbly request that we abandon all this bureaucratic bovine fecal material and get on with it.

As your legal department can advise you, the "exhaustion of administrative remedies" is a variety of condition precedent to Mr. Morris' ability to bring and maintain a civil action. To the best of my ability to decode your bureaucratese, your March 17, 1987, "Proposed Disposition" letter will, at some point in the not-too-distant future and by a procedural mechanism which will depend upon what label you choose to apply to this

letter, metamorphose into a "final decision," of which we will be notified in some written fashion. Upon receipt of this "notification" Mr. Morris will acquire the *option* to appeal to the EEOC within 20 days *or* to file civil action within 30 days. Similarly, Mr. Morris' right of appeal to the DOE Director of Equal Opportunity is presented in your March 17, 1987, letter, commencing on page 4, as an *optional* administrative remedy. Having already stated, as concisely as the English language will allow, that Mr. Morris is not interested in pursuing any *optional* administrative remedy, I interpret your March 17, 1987, letter to state that Mr. Morris' administrative remedies will have been technically exhausted upon his "receipt of notification" of your "final decision." Since all concerned parties have known for several months what this "final decision" will be, I once again humbly request that you expedite our "receipt of notification" of your "final decision."

Although I doubt this next suggestion will help, I feel compelled to make the attempt. Mr. Morris, by and through counsel, hereby waives any and all right to challenge the form and/or sufficiency of a "final decision" which states or which is to the following effect: YOU ARE HEREBY NOTIFIED THAT THE EEO OFFICER HAS ADOPTED THE PROPOSED DISPOSITION LETTER OF MARCH 17, 1987, AS THE AGENCY'S FINAL DECISION. YOU HAVE THE RIGHT TO FILE A CIVIL ACTION IN A FEDERAL DISTRICT COURT WITHIN 30 DAYS FROM THE DATE OF THIS NOTIFICATION. Further advice of appeal rights, recitation of findings of fact, conclusions of law and/or other verbiage will be quite unnecessary. I await your timely response.

Very truly yours,

In *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), the United States Supreme Court affirmed the decisions of the district court and the circuit court holding that plaintiff's failure to name the proper party prior to the running of the statute of limitations deprived the court of jurisdiction over the matter. The Court explained the language of rule 15(c):

Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

106 S.Ct. at 2384.

Each case involving relation back of an amended pleading involves its own unique set of facts and circumstances. The court must first determine from the facts whether the letter of March 18, 1987 is, in fact, notice to Jura that Morris intended to file a civil action such that Jura is not prejudiced in maintaining a defense. The court must then determine whether such notice, if adequate, was proper in that it was given more than two weeks before Morris received his final notice entitling him to file a civil action.

The Ninth Circuit adheres to a literal interpretation of the notice requirement of rule 15(c). In *Cooper v. U.S. Postal Service*, 740 F.2d 714 (9th Cir.1984), the court states:

We recognize that our literal interpretation of rule 15(c) and the short limitations period established by 42 U.S.C. § 2000e–16(c) combine to produce a seemingly harsh result in this case. Such apparently harsh results in individual cases, however, may be the inevitable corollary of our obligation in all cases to follow precedent and to implement controlling statutes and procedural rules. We may ignore neither the limitations on the filing of Title VII actions contained in section 2000e–16(c) nor the notice requirement for the substitution of parties in amended pleadings established by the plain language of rule 15(c). Whatever hardship these combined provisions work

on Title VII plaintiffs can be alleviated only by Congress and the drafters of the Federal Rules of Civil Procedure.

To some extent, rule 15(c) already protects diligent parties litigating against the federal government. The rule's drafters specifically recognized that the relation back of pleadings amended to substitute new defendants was a "problem [that] has arisen most acutely in certain actions by private parties against officers or agencies of the United States." Fed.R.Civ.P. 15 advisory committee note on 1966 amendment. To remedy this problem, rule 15(c) was amended in 1966 to allow parties to give proper notice of the institution of an action by serving process on the "United States Attorney, ... or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named...." Fed.R. Civ.P. 15(c). Thus, Cooper could have preserved her Title VII action by serving a copy of the complaint on either the United States Attorney or the Attorney General before October 30, 1982. She failed to do so.

740 F.2d at 717.

The court has examined the letter of March 18, 1987 sent by counsel for Morris to Jura. The letter predates Morris' right to file a civil action since he had not yet received a final decision from the agency as to his administrative claim. The letter expresses impatience and frustration over the administrative process and the perceived result. Nowhere in the letter does it state that Morris intends to file a civil suit against James A. Jura, Administrator of the Bonneville Power Administration. The court finds that the verbage stated in the letter cannot be equated with the required notice of the intent to file this action.

### CONCLUSION

Morris served a copy of the amended complaint on the United States Attorney on May 22, 1987, after the statutory period for filing suit had expired. The court finds that the amended complaint does not relate back to the original filing and that jurisdiction is not proper. The defendant's motion to dismiss is granted.