Decided February 23, 1988

IN THE UNITED STATES DISTRICT COURT
# FOR THE
NORTHERN MARIANA ISLANDS
APPELLATE DIVISION

| | |
|---|---|
| MARIAN ALDAN-PIERCE, | ) Civ. Appeal No. 86-9030 |
| **Plaintiff-Appellee,** | ) |
| | ) |
| vs. | ) |
| | ) |
| LEOCADIO C. MAFNAS, | ) OPINION |
| | ) |
| Defendant-Appellant. | ) |

BEFORE: JUDGES DUENAS[*], FITZGERALD[**], and MIYAMOTO,[***]
District Judges

DUENAS and FITZGERALD, District Judges

FOR DEFENDANT-APPELLANT:

THEODORE R. MITCHELL
Nauru Building
P. O. Box Twenty Twenty
Saipan, CM 96950

FOR PLAINTIFF-APPELLEE:

LAW OFFICES OF
RANDALL T. FENNELL
Pangelinan Building
P. O. Box 49
Saipan, CM 96950
BY: MARCIA R. BELL, ESQ.

---

[*]The Honorable Cristobal C. Duenas, Chief Judge, District Court of Guam, sitting by designation.

[**]The Honorable James M. Fitzgerald, Chief Judge, U.S. District Court, District of Alaska, sitting by designation.

[***]The Honorable Richard I. Miyamoto, Associate Judge, Trust Territory High Court, Saipan, CNMI, sitting by designation.

Defendant-appellant Leocadio C. Mafnas (hereinafter "defendant" or "Mafnas") appeals from the decision of the Commonwealth Trial Court of the Commonwealth of the Northern Mariana Islands granting summary judgment in favor of plaintiff-appellee, Marian Aldan-Pierce (hereinafter "plaintiff" or "Pierce"). We affirm.

## BACKGROUND

On March 5, 1986, plaintiff filed a complaint for equitable relief in which it is alleged that plaintiff is a resident of the Commonwealth of the Northern Mariana Islands (hereinafter "CNMI") and a person of Northern Marianas descent within the meaning of the CNMI Constitution. Mafnas, a resident of the CNMI, warranted to plaintiff that he has free and clear title in fee simple to a certain piece of real property (hereinafter "subject lot") situated in the CNMI. According to the complaint plaintiff's predecessor in interest Antonia Villagomez (hereinafter "Villagomez") entered into a written option agreement with Mafnas to purchase the subject lot. After exercising her option Villagomez assigned her rights to plaintiff. Defendant refuses to honor the option agreement despite Villagomez' and plaintiff's compliance with the terms and conditions of the option agreement.

In his answer Mafnas admits that he entered into the option agreement, but asserts that he is not fluent in the English language; he has been advised that the contract is illegal, against public policy and unenforceable; and denies being the owner of the subject lot. Furthermore, Mafnas asserts that

**328**

plaintiff has no real interest in the option agreement, plaintiff merely being an agent for Randall T. Fennell (hereinafter "Fennell") and Brian McMahon (hereinafter "McMahon"), attorneys not of Northern Marianas descent.

According to defendant, Fennell and McMahon engaged Villagomez as an agent for the sole purpose of attempting to acquire for themselves a permanent and long term interest in real property in contravention of the restrictions on alienation of land contained in Article XII of the Commonwealth Constitution.

In August 1986, plaintiff filed a motion for summary judgment addressing the following three issues raised by defendant in his answer and counterclaim, title to the subject lot, undue influence and the constitutionality of the transaction. Attached to the moving papers were the affidavits of McMahon, Fennell, Villagomez and plaintiff (hereinafter collectively "August Affidavits").

Defendant filed his opposition to the motion for summary judgment on October 8, 1986, the morning of the hearing. With the court's permission plaintiff filed a supplemental memorandum on October 9, 1986. Attached to the supplemental memorandum are three affidavits one each from McMahon, Fennell and plaintiff (hereinafter "Supplemental Affidavits").

On October 10, 1986, defendant filed a motion to strike the supplemental affidavits and a motion for continuance in order to provide defendant an opportunity to complete discovery of the evidence possessed by Fennell, McMahon and plaintiff. In support

329

of his motion counsel for defendant filed an affidavit which contains in relevant part the history of his attempts to contact plaintiff for purposes of discovery. According to the undisputed affidavit of Theodore R. Mitchell

> ... Shortly before the filing of the Plaintiff's Motion for Summary Judgement, I notified counsel to the plaintiff that I intended to take depositions upon oral examination of Messrs. Fennell and McMahon, Ms. Villagomez, and Mrs. Aldan-Pierce and that I would like to arrange a mutually convenient time to do so.
> ... At the time of the foregoing conversation, counsel to the plaintiff explained that she was presently involved in the Commonwealth Bank case, but after that matter was concluded, we could discuss further the scheduling of the depositions.
> ... Before those arrangements could be made, for the taking of the deposition, plaintiff filed her Motion for Summary Judgment.

Defendant's motion was not acted upon by the trial court. Instead, judgment was rendered on October 15, 1986, in favor of plaintiff. The trial judge found the following facts.

Fennell and McMahon provided the funds for the option agreement between Villagomez and Mafnas. It was agreed that Fennell and McMahon would provide the money to exercise the option; Villagomez would accept the money from Fennell and McMahon; pay it to Mafnas; take fee simple title; and lease the property to Fennell and McMahon for the longest period allowed by law.

Upon instruction from Fennell and McMahon, Villagomez timely exercised the option to purchase the property for the agreed upon $10 per square meter, but Mafnas refused to convey title or to

330

comply with the terms of the option. Thereafter Villagomez assigned her rights in the option to Pierce.

Counsel for defendant acknowledged at the hearing on plaintiff's motion for summary judgment that the constitutional issue was properly resolved through a motion for summary judgment. Defendant's position has apparently changed in light of the three supplemental affidavits filed on October 9, 1986. [1]/

The trial court found that there is nothing unconstitutional about the transaction and that based on the affidavits and the pleadings on file that summary judgment was mandated on his counterclaim for undue influence. The court further found that Pierce was in fact Fennell and McMahon's agent prior to the execution of the option agreement, but that the agent/principal relationship terminates when the lease is executed. Finally, on the claim of unconscionability the court noted that the defendant presented no evidence to raise a genuine issue of material fact.

### STANDARD OF REVIEW

We review the grant or denial of a motion for summary judgment de novo. <u>Fidelity Financial Corp. v. Federal Home Loan Bank</u>, 792 F.2d 1432, 1437 (9th Cir. 1986); <u>Lone Ranger Television v. Program Radio Corp.</u>, 740 F. 2d 718, 720 (9th Cir. 1984).

Under Rule 56(c) summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

331

Celotex v. Catrett, __ U.S. __, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## DISCOVERY

One of the issues raised by defendant is whether the trial court erred by failing to either grant his motion to strike the supplemental affidavits, or in the alternative, grant defendant's motion for a continuance of the summary judgment hearing in order to permit defendant to take depositions.

Defendant argues that the supplemental affidavits, all phrased in substantially the same terms, are intended to resolve in the plaintiff's favor one of the critical issues presented by the defendant on the unconstitutionality of the option agreement. He argues that the purpose of the affidavits is to establish that as of the present time, there is no agreement between Fennell and McMahon and plaintiff which would permit Fennell and McMahon to exercise control over plaintiff; leaving unanswered the question whether the agent/principal relationship is "open-ended".

Under other circumstances this Court might be inclined to agree with defendant that a request for further discovery is warranted. Yet, this Court will not allow a counsel's own failure to conduct discovery to be a basis for reversal.

Between counsel for defendant's original request, sometime prior to the filing of the motion for summary judgment on August 28, 1986, and the hearing on the motion on October 8, 1986, the record reveals no attempt by counsel to take the depositions of McMahon, Fennell, Villagomez or plaintiff. The

**332**

supplemental affidavits raise no novel issue which counsel for defendant should not have anticipated by the filing of the August affidavits or the complaint itself. In fact, the August affidavits embrace the sole fact addressed in the supplemental affidavits. 2/

Counsel had over one month to depose the affiants, or if necessary, the same amount of time within which to file a request for continuance on the motion for summary judgment to allow for the taking of depositions. Counsel for defendant did neither.

We note that the original hearing date motion was continued at defendant's request from September 10, 1986 to September 19, 1986, and was further continued, by stipulation, to October 8, 1986.

Under *Celotex* once a party seeking summary judgment meets the initial responsibility of informing the court of the basis of the motion, and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions of file, together with the affidavits, if any, which the moving party believes demonstrate the absence of a genuine issue of material fact, the burden then shifts to the party opposing the motion to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. The moving party will be entitled to judgment as a matter of law if the nonmoving party fails to make a sufficient showing on an essential element of their case.

Rule 56(e) requires the nonmoving party to go beyond the pleadings and their own affidavits and designate specific facts showing that there is a genuine issue for trial. Rule 56(e) permits a summary judgment motion to be opposed by any of the kinds of evidence listed in Rule 56(c), except the mere pleadings themselves, and it is from this list that a court expects the nonmoving party to make the showing of a genuine issue of material fact. 3/

If this Court felt that the motion for summary judgment was premature, under Rule 56(f) we could either find that the court should properly have denied the motion for summary judgment, or remand for a continuance on the hearing of the motion for summary judgment to provide the nonmoving party with an opportunity to make full discovery.

In light of the history of this case we cannot say that the nonmoving party was not provided with an opportunity to make full discovery. Instead, it appears that the nonmoving party simply did not take advantage of the time within which discovery could and should have been conducted.

### Restraint on Alienation of Land

Defendant contends that despite the facade of a lessor/lessee relationship between plaintiff and Fennell and McMahon, the latter two are in reality acquiring a fee simple interest in land in contravention of Article Xll, Section 1 of the CNMI Constitution which restrict permanent and long-term interests in real property to persons of Northern Marianas

disease. 4/ Their argument is premised on the theory that Fennell and McMahon are principals and plaintiff is their agent.

Affidavits submitted by plaintiff establish an agent/principal relationship, as alleged by defendant, between Fennell and McMahon, and Villagomez and later plaintiff from the inception of the deal until the execution of the lease agreement.

The August affidavits state that upon execution of the option agreement plaintiff will retain a fee interest in the subject lot. Thereafter, in exchange for their having provided the money to execute the option agreement Fennell and McMahon will receive a 55 year lease. The only issue necessary for this Court to determine is whether a fact is presented which raises a genuine issue of material fact whether the agent/principal relationship continues during the term of the lease agreement or thereafter.

To successfully oppose plaintiff's motion for summary judgment defendant must present some fact to dispute the evidence presented by plaintiff that she retains a fee simple interest in the subject lot.

We agree with the court below no fact has been presented .to raise a question as to plaintiff's ongoing duty as an agent. Upon the facts presented to the trial court the granting of a lease to Fennell and McMahon transforms the agent/principal relationship to that of a lessor/lessee. The alleged control of the principal over the agent ceases. Although defendant suggests

335

that plaintiff remains the agent of Fennell and McMahon no fact is presented to substantiate this claim. 5/

The granting of plaintiff's motion for summary judgment is proper only because defendant failed to present a fact upon which the court could find a genuine issue of material fact, after plaintiff met her initial burden. 6/

On the facts presented on the constitutional issue we cannot say the court erred in granting plaintiff's motion for summary judgment.

## UNDUE INFLUENCE

In order to support a claim of undue influence the defendant must set forth a genuine issue of material fact of an element upon which defendant will bear the burden at trial. At trial defendant would have to show that he was unfairly persuaded and was under the domination of Fennell, the person allegedly exercising the persuasion, or who by virtue of the relation between Fennell and defendant, defendant was justified in assuming that Fennell would not act in a manner inconsistent with defendant's welfare. Restatement of Contracts, Second, §177.

The Comment to §177 states that undue influence is available to void a contract only if the required relation is found. That is, undue influence "protects a person only if he is under the domination of another or is justified, by virtue of his relation with another in assuming that the other will not act inconsistently with his welfare."

336

In his first counterclaim, defendant alleges:

...Attorney Fennell is a highly educated person. He possesses extraordinary powers of pursuasion (sic) and influence.
...The defendant is a man of limited education. He cannot speak or read the English language. He is a man of modest financial means.
...Because Attorney Fennell is an attorney, defendant Mafnas was justified in assuming that Attorney Fennell would not act in a manner inconsistent with defendant Mafnas' welfare...
...Defendant Mafnas was further justified in assuming that Attorney Fennell would not act in a manner inconsistent with his welfare, because Attorney Fennell had previously represented three sisters of defendant Mafnas in connection with a matter involving family land.

Relevant portions of the August affidavits set forth Fennell's role in negotiating the option agreements. The option agreement was executed over a period of many years. At all times defendant utilized a translator of his choice. Fennell represented defendant's three sisters in an action to recover family land, but attests he was specifically instructed not to represent defendant.

Under *Celotex* we turn to the evidence presented by defendant, by affidavit or otherwise, to show that a genuine issue of material fact exists. The defendant's affidavit filed in opposition to the motion for summary judgment does not rebut the relevant portions of Fennell's affidavit regarding undue influence. We will not rely on the pleadings themselves to find a genuine issue of material fact. *Celotex*, *supra*. There is no showing that the required relation between Fennell and defendant existed to support a claim for undue influence.

337

We affirm the court's granting of summary judgment on defendant's counterclaim for undue influence.

## UNCONSCIONABILITY

Finally, on the issue of unconscionability, the court citing Restatement of Contracts Second, §208, Comment B, noted that defendant presents no fact to establish that the option agreement is unconscionable in that it is "such as no man in his senses and not under delusion will make on the one hand, and as no honest and fair man would accept on the other."

According to the terms of the option agreement the purchase price is $10 per square meter. In his affidavit defendant states that he is informed and believes that an anticipated appraisal report will indicate the value of the property to be "greatly in excess" of $10 per square meter.

A motion for summary judgment is no place for conjecture and speculation. Once again plaintiff has met her initial burden. Defendant presents no fact to show that there is a genuine issue of material fact. We affirm the court's order granting summary judgment on the issue of unconscionability.

CRISTOBAL C. DUENAS, District Judge

JAMES M. FITZGERALD, District Judge

(See Dissenting Opinion attached.)
RICHARD I. MIYAMOTO, Designated Judge

338

1/ Looking closely at the supplemental affidavits this Court notes that they do nothing more than reiterate the substance of the August affidavits. See Footnote 2, infra.

2/ The supplemental affidavits all state that "No agreement exists concerning the property which is the subject of this case which compels [plaintiff] to hold or dispose of title at the direction of [Fennell or McMahon]. While [plaintiff] will give [Fennell and McMahon] a lease, she is free to disposed of title at her pleasure."

The August affidavits all state in relevant part that Fennell and McMahon would provide the money for the purchase of the subject lot in return for a lease for the maximum length allowed by law.

3/ In his dissent Judge Miyamoto lists factual issues which he believes may be present or implied. It is the opinion of the majority that the issues raised by Judge Miyamoto are either irrelevant or if relevant, were not raised by the appellant below. A court may not look to the pleadings themselves to find genuine issues of material fact.

4/Article XII Section 3, as amended, provides that person not of Northern Marianas descent may acquire leasehold interests for 55 years including any term of renewal.

339

5/ Defendant's continuing agency theory is based on sections 14B and 385 of the Restatement of Agency. These sections are inapposite to the relationship created under the lease because the evidence presented does not support defendant's claim that plaintiff agreed to hold title to the subject lot for the benefit and subject to the control of Fennell and McMahon.

6/ For this reason the holding in this case does not reach the merits of the constitutional challenge to the transaction presented here.