887 F.2d 1080
 14 Fed.R.Serv.3d 1312
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Peggy M. PLEDGER, Plaintiff-Appellant,
v.
U.S. POSTAL SERVICE, SOUTHERN REGION, Defendant-Appellee.
 No. 88-3206.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 31, 1989.
Decided: Sept. 20, 1989.
Rehearing and Rehearing In Banc Denied Oct. 17, 1989.
 
 Peggy M. Pledger, appellant pro se.
 Thomas Philip Swaim (Office of the U.S. Attorney), Lori Joan Dym (U.S. Postal Service), Michael Propst (Office of Field Legal Services), for appellee.
 Before DONALD RUSSELL, WIDENER and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Peggy M. Pledger, a former employee of the United States Postal Service in Durham, North Carolina, filed this pro se action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. (Title VII), alleging that she was discriminated against in her employment because of her sex, race, and religious beliefs. In her original complaint, filed on November 3, 1987, Pledger named the United States Postal Service as the sole defendant. Service of the complaint was made on the United States Attorney in Raleigh, North Carolina, on November 3, 1987, and on the United States Attorney General on November 6, 1987. Pledger later sought to amend her complaint to name the Postmaster General as a defendant. Without ruling on the motion to amend, the district court dismissed Pledger's complaint for failure to name the proper defendant. Pledger appealed.
 
 
 2
 A federal employee seeking to bring a Title VII claim must bring suit against the head of the department, agency, or unit within 30 days of receipt of a right to sue letter. See 42 U.S.C. Sec. 2000e-16(c). Actions brought against the Postal Service must name the Postmaster General as a defendant. See Cooper v. United States Postal Service, 740 F.2d 714, 716 (9th Cir.1984), cert. denied, 471 U.S. 1022 (1985).
 
 
 3
 Although Pledger's original complaint did not name the Postmaster General as a defendant, this failure was curable by amendment. Rule 15(c) of the Federal Rules of Civil Procedure provides for relation back of an amendment changing a party to the suit to the date of the original filing of the complaint only if:
 
 
 4
 within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
 
 
 5
 Rule 15(c) further states that "with respect to the United States or any agency or officer thereof to be brought into the action as a defendant," the notice requirement is satisfied by:
 
 
 6
 [t]he delivery or mailing of process to the United States Attorney, or the United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named,
 
 
 7
 * * *
 
 
 8
 * * *
 
 
 9
 Pledger received her right to sue notice on October 5, 1987. The United States Attorney for Raleigh, North Carolina, was personally served on November 3, 1987, within the 30-day limitation period. Therefore, Pledger satisfied the requirement of Rule 15(c).
 
 
 10
 Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." In Folman v. Davis, 371 U.S. 178 (1962) the United States Supreme Court stated:
 
 
 11
 In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of the discretion and inconsistent with the spirit of the Federal Rules.
 
 
 12
 Id. at 182. We do not find in the record an apparent or a declared reason for denial of the motion to amend. Had the district court granted Pledger's motion to amend, the amended complaint naming the proper party would have related back to the date of the original filing. Since defendants would not have been unduly prejudiced by the amendment, the district court's failure to permit Pledger to amend her complaint was an abuse of discretion.
 
 
 13
 Accordingly, we vacate the judgment of the district court and remand the case for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid in the decisional process.
 
 
 14
 VACATED and REMANDED.