**BOLIDEN METECH, INC.**

v.

**UNITED STATES of America.**

**No. CA 91–0142P.**

United States District Court,
D. Rhode Island.

Dec. 2, 1991.

Douglas J. Rose and Charles J. Mc-Govern, McGovern, Noel, Falk, Pannone, Procaccini & O'Leary, Ltd., Providence, R.I., for plaintiff.

E.C. Sammartino, U.S. Attorney's Office, Providence, R.I. and Charles A. Quinlan, III, U.S. Dept. of Justice, Torts Branch, Civ. Div., Washington, D.C., for defendant.

## ORDER

PETTINE, Senior District Judge.

■ The Findings and Recommendation of United States Magistrate Judge Jacob Hagopian filed on November 7, 1991 in the above-captioned matter is accepted pursuant to Title 28 United States Code § 636(b)(1).

## FINDINGS AND RECOMMENDATIONS

JACOB HAGOPIAN, United States Magistrate Judge.

Before the Court is defendant United States' motion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1). My findings and recommendations are reported pursuant to 28 U.S.C. Section 636(b)(1)(B) and (C) and Local Rules of Court 32(c)(2).

### Statement of the Claim

Plaintiff Boliden Metech, a Delaware corporation with its principal place of business in Rhode Island, has filed suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680. The complaint alleges that the United States and the Defense Reutilization and Marketing Service of the Defense Logistics Agency (DLA) are liable for supplying Boliden with some of the material which the Environmental Protection Agency (EPA) alleges is contaminated with polychlorinated biphenyls (PCBs).

### Statement of Historical Facts

A contract between the United States and Boliden for the sale and delivery of scrap electronics material was executed on September 17, 1987. That material was delivered to Boliden's Allens Avenue facility in Providence, Rhode Island where it underwent initial shredding based on Boliden's usual procedures.

The materials at this facility were tested by the EPA on numerous occasions. After testing the materials, the EPA concluded that there was PCB contamination and filed an administrative complaint seeking the assessment of civil penalties against Boliden. Before the Administrative Law Judge had ruled in the EPA proceeding,

the United States filed a lawsuit in this Court seeking an injunction requiring Boliden to take remedial action on the allegedly contaminated materials. (*United States of America v. Boliden Metech*, Civil Action No. 89–0208 T).

In its answer to the government's complaint, Boliden filed a counterclaim under the FTCA against DLA, but it was dismissed by the Court because Boliden failed to exhaust its administrative remedies as required by the FTCA.[1] Boliden filed an administrative claim with DLA and was notified on September 21, 1991 by the United States Department of the Army that its claim was denied.

While the administrative claim was pending, Boliden and the United States negotiated towards a possible settlement of the injunctive action brought by the United States. The two parties did enter into a consent decree requiring Boliden to retest all materials at its facility for PCB contamination. The consent decree also went on to specifically mention Boliden's pending administrative claim, and it further preserved Boliden's right to sue the "United States or any agency thereof for any liability that it may have for having supplied materials containing PCBs to the Facility for processing." (Consent Decree, Jan. 10, 1991, page 26).

Boliden carried out its obligations under the consent decree by beginning to test its materials. The results of the tests were not yet received as of March 20, 1991, so Boliden, to protect its right to sue, filed this suit, one day before the FTCA statute of limitations expired. On April 26, 1991, before any responsive pleadings were filed, Boliden moved to amend its complaint to change the name of the defendant from "DLA" to the "United States of America." I granted that motion to amend on June 18, 1991, and it is that amended complaint which defendant United States seeks now to dismiss.

### Discussion

The United States seeks to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(1), reasoning that this Court lacks subject matter jurisdiction. The United States argues that plaintiff cannot now be allowed to amend its complaint and bring suit against the government because the applicable statute of limitations has expired.

The applicable statute of limitations for all claims under the FTCA is "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). This six-month statute of limitations is intended to operate as a condition of the United States' limited waiver of sovereign immunity. *Hatchell v. United States*, 776 F.2d 244 (9th Cir.1985).

Plaintiff Boliden filed the present action on March 20, 1991, one day before the expiration of the statute of limitations. The late date of this filing does not appear to be caused by any oversight on the part of the plaintiff, but rather, plaintiff asserts that it was awaiting test results which may have rendered this lawsuit moot. Plaintiff had originally named only DLA as a defendant, but on April 26, 1991, plaintiff filed a motion to amend its complaint to substitute the United States as the defendant. That motion was granted and plaintiff filed its amended complaint on June 27, 1991.

### A. *Federal Rule of Civil Procedure 15(a)*

██ In issuing the above-mentioned order, I found that plaintiff was merely seeking to correct a misnomer in the original complaint, and I allowed the amendment pursuant to Fed.R.Civ.P. 15(a).[2] Service of

---

1. 28 U.S.C. § 2675(a) reads, in part: "An action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing by certified or registered mail."

2. Fed.R.Civ.P. 15(a) states, in part: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be *freely given when justice so requires.*" (emphasis added).

the original complaint was made on the same people, the United States Attorney and the Attorney General, who would have been served had the caption in the original complaint not mistakenly identified DLA as the defendant. In addition, Rule 15(a) allows a party to amend its complaint once "as a matter of course" if done before any responsive pleading is filed, and no responsive pleading had yet been filed in the present action.

■ As found earlier, plaintiff was seeking to correct a misnomer. The authors of 6A Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 2d § 1498 at 130 (1990), said it well:

> A misnomer is involved when the correct party was served so that the party before the court is the one plaintiff intended to sue, but the name or description of the party in the complaint is deficient in some respect. Under those circumstances, an amendment merely correcting that description does not entail the actual "changing" of the parties and it should be allowed as a matter of course as long as it satisfies the standard in the first sentence of Rule 15(c) [claim arises from same conduct, transaction, or occurrence]....

A complaint's caption is not dispositive of the identity of the parties if it is clear from the body of the complaint who the actual defendant is. *Barsten v. Department of the Interior,* 896 F.2d 422, 423–24 (9th Cir.1990). "A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant ... it has fulfilled its purpose...." *Id.* at 423.

### B. *Federal Rule of Civil Procedure 15(c)*

■ The United States argues that plaintiff can only add the United States as a defendant if the amended complaint "relates back" to the date of the filing of the original complaint. Rule 15(c) of the Federal Rules of Civil Procedure requires that

the amendment relate back if the amendment is one "changing the party against whom it is asserted." Fed.R.Civ.P. 15(c). Because I found earlier that plaintiff was merely correcting a misnomer, I find that this rule does not apply. Alternatively, if the rule did apply, I still find that plaintiff's complaint should not be dismissed.

The "relation back rule" [15(c) ] has been amended, with the new rule taking effect on December 1, 1991. The old Rule 15(c) required that the party being brought in have notice of the suit *before* the statute of limitations for filing the claim had expired. *See Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986) (interpreting Fed.R.Civ.P. 15(c)). The new rule changes the time limitation to coincide with the time allowed for service of the complaint under Fed.R.Civ.P. 4(j), *i.e.,* 120 days. Plaintiff clearly met the requirements of the new rule. If the old rule applies, however, the analysis is more complex, though the result is the same.

■ Defendant argues that, under the old rule, it did not have adequate notice of the suit within the statute of limitations, and thus plaintiff's amended complaint does not relate back. I find this argument untenable. Boliden had filed a counterclaim under the FTCA in the earlier injunctive action, entered into a consent decree with the United States specifically preserving its right to sue, and exhausted all of its administrative remedies. (*See Statement of Historical Facts, supra* ). It was no surprise to the United States that this suit was filed. In fact, the United States has consistently referred to itself as "defendant United States of America" even before plaintiff was granted leave to amend its complaint. Moreover, the notice need not be formal to be sufficient. *Montgomery v. U.S. Postal Service,* 867 F.2d 900, 903 (5th Cir.1989). The United States surely had notice that it was the intended defendant in this action.

■ As for the new Rule 15(c), plaintiff clearly met its requirements. Through implication, defendant asks this Court to hurriedly act on this motion before the new rule becomes effective. With the date of

effectiveness fast approaching (it is less than one month away), it would be inequitable for this Court to ignore the intent of the Advisory Committee on Civil Rules, the United States Supreme Court, and Congress by deciding this issue based on the requirements of a soon to be obsolete rule of civil procedure. The Federal Rules were meant to be construed to "secure just ... determination of every action" and to "do substantial justice." *See* Fed.R.Civ.P. 1 and 8. Considering all the factors involved here, including the government's notice and the amended Federal Rule, it would surely be unjust for this Court to dismiss plaintiff's complaint for the reasons put forth by the government.

### Recommendation

Accordingly, I recommend that defendant United States' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) be denied.[3]

---

**3.** Any objection to this Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of the receipt of the Recommendation. Rule 32, Local Rules of Court; Rule 72(b), Fed.R.Civ.P. Failure to time-ly file specific objections to the magistrate judge's Recommendation, Findings or Report is a waiver of the right to review by the District Court. *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).