Mary **HUNT**, Plaintiff,

v.

**DEPARTMENT OF the AIR FORCE, a DIVISION OF the UNITED STATES of America, Defendant.**

**No. 91–320–CIV–T–17C.**

United States District Court, M.D. Florida, Tampa Division.

March 20, 1992.

Sharon Perkner Jorgensen, Winn, Macy and Jorgensen, P.A., St. Petersburg, Fla., Raymond T. Elligett, Jr., Schropp, Buell & Elligett, P.A., Tampa, Fla., for plaintiff.

James R. Hilbert, Jr., U.S. Attys. Office, M.D. Fla., Tampa, Fla., for defendant.

## ORDER DENYING MOTION FOR REHEARING AND RECON-SIDERATION

KOVACHEVICH, District Judge.·

This cause is before the Court on Plaintiff's motion of March 12, 1992 requesting the Court to reconsider the dismissal of her action for failure to serve the appropriate parties within the six (6) month statute of limitations under 28 U.S.C. § 2401(b). 787 F.Supp. 197. Plaintiff asserts that the Court should reconsider its denial of permitting an amendment to the complaint in order for Plaintiff to name the proper party which would then place Plaintiff into the six month time frame.

■ Plaintiff alleges that wherein the Court relied on an Eastern District of Pennsylvania case to hold that the law in effect at the time of service continues to control the jurisdictional issue even though subsequent to that service and at the time of decision a new statute or amendment has been enacted, it should have not done so due to the fact that the case relied upon related to a long-arm statute. The Plain-·tiff goes on·to assert that it is not trying to affect an amendment regarding a long-arm statute, but instead it is an amendment which affects the caption of the complaint, allowing a change therein to name the proper party.

Though the result may have seemed unduly harsh to the Plaintiff, the Court's order which dismissed the Plaintiff's action, was a determination that was arrived at by the Court through a review of all the issues raised. The Plaintiff's assertion that the amended federal rules should apply is unfounded. The Court recognizes the statements made in adopting the amended rules and stresses that there were no references to the rules being retroactive in effect found in those statements. While Plaintiff chooses to believe that the phrase "insofar as just and practicable, all proceedings in civil actions pending ..." references a retroactive application, such a finding would not be just and practicable to anyone perfecting service under the rules in effect at the time of service. Any adverse holding would in essence be a manipulation of the law against its design.

■ Even though the case used by the Court to explain its rationale was one which dealt with a long-arm statute, the Court's ruling should ·not be reconsidered. Whether or not the issue in the case refer-. enced was identical to the instant case is not relevant to the dismissal of the action. Regardless of the nature of the amendment, the Plaintiff is overlooking the basis for the holding which is that an action against the government where allowed is a waiver of sovereign immunity. As stated previously in the order to dismiss, procedural rules embodied in statutes waiving immunity should be read strictly. *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244, 255 (1967). Any consent by the government to a waiver of sovereign immunity should not be allowed to be expanded beyond the statutory period.

Plaintiff also asserts that the Court's order overlooks the statement made in the adoption of the amended rules with regards to the effect of the rules on pending civil actions. Plaintiff continues in its assertion of the Court's inattentiveness by alleging that the Court ignored the statement made in the adoption of the rules which stated that the amended rules were designed to change the harsh result received in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). The Court is very cognizant of the statements made with regard to the amended federal rules of civil procedure. It should be noted that what is not said with regards to an amendment to the rules is just as relevant as what is said. As noted above, the relevant amended rules were not made retroactive.

Plaintiff references *Atlantis Development Corporation v. United States*, 379 F.2d 818, 823 (5th Cir.1967) for the proposition that amended rules should be given retroactive effect. However, the court's opinion in *Atlantis* acknowledged that no possible intrinsic prejudice would occur through the allowance of the court in giving the amended rules retroactive effect. In *Atlantis*, the court was faced with giving retroactive effect to F.R.Civ.P. 24(a). That, however, is not the situation in the immediate action. Here, unlike *Atlantis*, any retroactive effect given to F.R.Civ.P. 15(c) applied in conjunction with amended F.R.Civ.P. 4 would result in prejudice to the Defendant who was justified in relying on the statutory period for service with regards to its liability under a waiver of sovereign immunity. While the Plaintiff may be faced with a denial of a hearing of her cause of action in this Court, as a result of the dismissal of her complaint and denial of rehearing, the Plaintiff is not devoid of remedies available to her. Accordingly, it is

ORDERED that the motion for rehearing and reconsideration is hereby denied. Plaintiff's case remains dismissed.

DONE and ORDERED.