976 F.2d 724
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Nelson AFANADOR, et al., Plaintiffs, Appellants,
v.
UNITED STATES POSTAL SERVICE, et al., Defendants, Appellees.
 No. 92-1238.
 United States Court of Appeals,
First Circuit.
 September 17, 1992
 
 Appeal from the United States District Court for the District of Puerto Rico
 William Santiago-Sastre and Melendez Perez, Moran & Santiago on brief for appellants.
 Daniel F. Lopez Romo, United States Attorney, and Fidel A. Sevillano Del Rio, Assistant United States Attorney, on brief for appellees.
 D. Puerto Rico
 AFFIRMED.
 Before Torruella, Cyr and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 In this case appellants appeal a judgment dismissing their claims against the United States Postal Service (USPS) and the Postmaster General under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672 et seq., and against a postal inspector, D. H. Tanner, under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Appellants ask this court to find that Fed. R. Civ. P. 15(c)(3), effective December 1, 1991, applies to their second amended complaint, adding the United States as defendant, and to remand the case to the district court with instructions to apply that rule. They also ask this court to overrule that portion of the decision below that held that the one-year statute of limitations on their Bivens claim had not been tolled by their May 1988 letter to the USPS and others demanding administrative resolution of their claims.[1] We affirm the rulings below.[2]
 
 
 2
 The district court has described the factual and procedural history of this case in Afanador v. U.S. Postal Service, 787 F. Supp. 261 (D.P.R. 1991). We describe additional significant facts as necessary in the following discussion.
 
 DISCUSSION
 I. Application of Rule 15(c)(3)
 
 3
 Before its amendment in 1991, Fed. R. Civ. P. 15(c) provided, in relevant part, that an amendment changing a party related back to the date of the original pleading if, "within the period provided by law for commencing the action against the party to be brought in by amendment," that party received notice of the action such that its defense would not be prejudiced, and knew or should have known that the action would have been brought against it but for the other party's mistake as to the identity of the proper party. In Schiavone v. Fortune, 477 U.S. 21, 30 (1986), the Supreme Court found that the plain language of Rule 15(c) precluded relation back when notice of the suit was not given the defendant to be added until after the limitations period had expired, even if the complaint had been served on the proposed defendant within the appropriate period for service of process.
 
 
 4
 On April 30, 1991, the Supreme Court published a proposed amendment of Rule 15(c). The amendment was intended to prevent defendants "from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense" and, specifically, to change the result in Schiavone with respect to "misnamed" defendants. See Fed. R. Civ. P. 15 advisory committee notes. In relevant part, Rule 15(c)(3) now provides that an amendment that "changes the party or the naming of the party against whom a claim is asserted" relates back to the date of the original pleading if, "within the period provided by Rule 4[j] for service of the summons and complaint," the party to be added has received such notice of the action that its defense would not be prejudiced, and knew or should have known that the action would have been brought against it but for the other party's mistake as to the identity of the proper party. Under the new rule appellants' amended complaint would relate back to the date of their original, timely complaint since they served process on the appropriate parties during the time period required by Rule 4(j).
 
 
 5
 The Supreme Court stated that the new rules would take effect on December 1, 1991, and "govern all proceedings in civil actions thereafter commenced and, insofar as just and practicable, all proceedings in civil actions then pending." Order of April 30, 1991, Amending Civil Rules, reprinted in 12 Wright & Miller, Appendix at 135-36 (Supp. 1992). The district court in the instant case dismissed appellants' FTCA claims on February 28, 1990, and entered partial judgment thereon. The case continued in the district court thereafter with the remaining claims disposed of and final judgment entering on January 7, 1992. Thus, on the date the new Rule 15(c)(3) became effective, the instant action was still "pending". In addition, on appeal we apply the law in effect at the time we render a decision, unless doing so would work a "manifest injustice". See Freund v. Fleetwood Enterprises, Inc. 956 F.2d 354, 363 (1st Cir. 1992). Consequently, we may apply the new rule to this case as appellants request if it is "just and practicable" to do so and does not otherwise work a "manifest injustice".
 
 
 6
 Appellants urge us to apply the new rule because it was intended to prevent a defendant from taking "unjust advantage of otherwise inconsequential pleading errors to sustain [a] limitations defense." They further argue that the court below was "forced" to dismiss their FTCA action under the Schiavone case, which was at odds with the liberal pleading philosophy of the Federal Rules of Civil Procedure and has since been superseded by the rule change.
 
 
 7
 We recognize the surface appeal of appellants' argument that the new rule should be applied because the court below was required to dismiss their FTCA claims under the now discredited Schiavone decision. We also acknowledge that other courts of appeals have found this reasoning to be persuasive, and have applied the new rule upon appeal to reinstate already dismissed causes of action. See, e.g., Skoczylas v. Federal Bureau of Prisons, 961 F.2d 543, 546 (5th Cir. 1992); Hill v. U.S. Postal Service, 961 F.2d 153, 155-56 (11th Cir. 1992); Bayer v. U.S. Department of Treasury, 956 F.2d 330, 334-35 (D.C. Cir. 1992) (dictum).[3] Nevertheless, we find that it would not be just and practicable and that it would work a manifest injustice to apply amended Rule 15(c) to permit relation back in this case.[4]
 
 
 8
 First, the circuit court cases which have applied the amended rule retroactively are distinguishable. In those cases the plaintiffs had sued an agency under Title VII rather than the head of the agency, as required in such suits. Since the head of an agency is practically indistinguishable from the agency itself, see, e.g., Johnson v. USPS, 861 F.2d 1475, 1488 (10th Cir. 1988) (McKay, J., dissenting), cert. denied, 493 U.S. 811 (1989), the defendants truly were trying to avail themselves of a "now-obsolete procedural loophole" in asserting their statute of limitations defense under Schiavone. See Skoczylas, 961 F.2d at 546.
 
 
 9
 In contrast, in this FTCA case appellants sought to add the United States and not merely the head of an improperly named agency. The FTCA states clearly that the defendant in an FTCA action is the United States, and not its agencies. See 28 U.S.C. §§ 1346(b), 2674, 2679. Although we have not ruled on this precise issue, other circuit courts have found this distinction to be a real one, and not just an "inconsequential pleading error" of the type decried by critics of Schiavone. For example, in an FTCA case not tainted by reliance on Schiavone, the Seventh Circuit denied that it was a simple "misnomer" to sue the Department of Justice and the FBI rather than the United States. Hughes v. United States, 701 F.2d 56, 58 (7th Cir. 1982). The court noted that the FTCA specifically made the United States, rather than the governmental agency, the suable entity. Moreover, "[g]overnment agencies do not merge into a monolith; the United States is an altogether different party from either the F.B.I. or the Department of Justice." Id. Even though the United States Attorney might represent both the United States and its agencies, that did not make an agency the "functional equivalent" of the United States. Id.; accord Allgeier v. United States, 909 F.2d 869, 874 & n.6 (6th Cir. 1990); Allen v. Veterans Administration, 749 F.2d 1386, 1389 (9th Cir. 1984).[5]
 
 
 10
 Second, in these circumstances relation-back under the amended rule would effect a de facto extension of the six-month limitations period, see 28 U.S.C. § 2401(b) (six-month limitations period for FTCA suits against the United States is measured from date of mailing of agency denial of administrative claim), thereby retroactively enlarging by mere operation of the procedural rule the United States' waiver of sovereign immunity from suit. See United States v. Kubrik, 444 U.S. 111, 117-18 (1979) ("We should also have in mind that the [FTCA] waives the immunity of the United States and that in construing the statute of limitations, which is a condition of waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended.").
 
 
 11
 More basically, appellants sued the USPS within the six-month limitations period, but not the United States, affording the United States a valid limitations defense which it has raised.[6] The government, qua the United States, received no notice of appellants' suit until well after the limitations period had expired. Receipt of appellants' letter demanding administrative resolution of their claims was not notice that appellants had instituted an action, the only relevant notice under Rule 15(c). See Cooper v. USPS, 740 F.2d 714, 717 (9th Cir. 1984), cert. denied, 471 U.S. 1022 (1985). Furthermore, at the time the USPS defended against this action Rule 15(c) had not yet been amended. Compare Boliden Metech, Inc. v. United States, 140 F.R.D. 254 (D.R.I. 1991) (alternative holding) (in light of the extensive notice of plaintiff's FTCA claim that the United States had received prior to expiration of the limitations period, the court found that it would be "inequitable" not to apply amended Rule 15(c), which would be effective in one month's time).
 
 
 12
 Furthermore, although the district court relied on Schiavone, the relationship between the improperly named defendant and the defendant to be added is different here than it was in Schiavone. As discussed above, all circuit courts that have considered the relationship between the United States and its agencies for purposes of suit under the FTCA have found that the United States and its agencies are distinct parties. In contrast, in Schiavone the plaintiffs originally had sued a nonsuable internal division of the suable corporate entity it later sought to add. Therefore, the defendant to be added in Schiavone had a very close identity of interest with the defendant originally sued, much like the identity of interest between an agency and the head of the agency in the Title VII cases discussed above. It was the perceived pettiness of faulting the plaintiff for this kind of error at which the Rule 15(c) amendment was aimed in part. See, e.g., Schiavone, 477 U.S. at 36 (Stevens, J., dissenting) (denying that Schiavone involved an amendment changing the party against whom the claim was asserted; changing the description of the defendant from Fortune magazine to the corporate publisher of Fortune was a "technical correction [that] added absolutely nothing to any party's understanding of 'the party against whom' the claims were asserted....").
 
 
 13
 For these reasons, we find that the government legitimately relied on its statute of limitations defense in the proceedings below, and did not profit unfairly from a "now-obsolete procedural loophole" in Rule 15(c). In light of the Supreme Court's caution that we not extend the period of governmental liability beyond the time to which the government has consented, we find that applying the rule here would be unjust. It would, in fact, extend the period during which the sovereign immunity of the United States has been waived, without notice to the United States, qua FTCA defendant. See also Hunt v. Department of Air Force, 787 F. Supp. 200 (M.D. Fla. 1992) (refusing to apply amended Rule 15(c) to permit relation back in an FTCA case since waivers of sovereign immunity should be read strictly).
 
 
 14
 Finally, the general equities appear to lie with the government rather than appellants. Appellants were represented by counsel early on. Even before litigation was begun, appellants' attorney knew that the United States was the proper defendant. Not only did his May 25, 1988, letter demanding administrative USPS action threaten to sue the United States under the FTCA, but the USPS's denial of the administrative claim, which was addressed to appellants' counsel, specifically stated that appellants should sue the United States if dissatisfied with the final action on their claim. Incomprehensible as it may seem, appellants' attorney even appears to have initially disputed the fact that the United States was the only proper defendant under the FTCA.[7]
 
 
 15
 Furthermore, appellants failed to ask the district court to reconsider its dismissal of their FTCA claims after the new rule was amended. At the time Rule 15(c)(3) became effective, the district court had not yet entered its final judgment. Nor did appellants ask the court to amend its judgment under Fed. R. Civ. P. 59(e) once final judgment had entered, though on appeal they seek remand so that the district court may reconsider its earlier dismissal in light of the new rule. In this circuit, as we have stated before, it is "a party's first obligation to seek any relief that might fairly have been thought available in the district court before seeking it on appeal." The Dartmouth Review v. Dartmouth College, 889 F.2d 13, 22 (1st Cir. 1989) (quoting Beaulieu v. United States International Revenue Service, 865 F.2d 1351, 1352 (1st Cir. 1989)).
 
 
 16
 Reluctant as we are to permit dismissal of a claim that may be valid, it is more equitable that appellants, and not the government, be made to bear the consequences of their attorney's failures here. This is especially so because appellants have made no effort to explain their failure to sue an obvious defendant, see Quaker State Oil Refining Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517-18 (1st Cir. 1989), and because applying the new rule would deprive the government of a validly asserted limitations defense, effectively extending its period of liability without prior notice.
 
 II. Tolling of the Bivens Limitation Period
 
 17
 We see no error in the district court's ruling that appellants' letter demanding administrative action did not toll the limitations period on their Bivens claim against Postal Inspector Tanner. As the district court stated, appellants did not address their claim to Tanner as required under Puerto Rico law, nor did they send him a copy. See Afanador, 787 F. Supp. at 267.
 
 
 18
 It is not clear, however, whether the district court specifically considered and rejected appellants' argument that Tanner "in all likelihood" received a copy of their letter from his USPS superiors. Nevertheless, we have considered their argument, and we reject it. We have assumed, without deciding, that receipt by Tanner of appellants' claim addressed to the USPS and other parties would satisfy the Puerto Rico tolling requirements as long as it expressed appellants' intention to sue Tanner and precisely stated appellants' claim against him. See Riofrio Anda v. Ralston Purina Co., 959 F.2d 1149, 1153 (1st Cir. 1992). Appellants' argument is deficient for obvious reasons. Appellants' speculation that Tanner received their letter stating a Bivens claim does not constitute proof that the letter in fact reached him. Appellants have not met their burden of proof on that issue. See Diaz de Diana v. A.J. A.S. Insurance Co., 10 T.P.R. 602 (P.R. 1980) (the party seeking the benefit of a tolling provision has the burden of proving that tolling has occurred).
 
 
 19
 We also affirm the district court's ruling that there was no tolling under 31 P.R. Laws Ann. § 5304, which essentially provides that tolling the limitations period as to one of several jointly liable defendants tolls it as to all defendants. The district court correctly found, 787 F. Supp. at 267, that the parties to whom appellants' letter was addressed were not jointly and severally liable with Tanner on the Bivens claim. Id.; cf. Rivera v. United States, 924 F.2d 948, 951 (9th Cir. 1991) (affirming lower court dismissal of Bivens claims because the United States has not waived its sovereign immunity with respect to such claims). On appeal, appellants suggest a novel interpretation of Section 5304, which, they claim, would permit tolling of the limitations period on their Bivens claim. Because appellants did not argue that interpretation to the district court, we do not consider it on appeal. United States v. Curzi, 867 F.2d 36, 44 (1st Cir. 1989).
 
 CONCLUSION
 
 20
 We deny appellants' request to remand their FTCA claims to the district court. The district court judgment dismissing appellants' FTCA claims for failure to sue the United States and dismissing appellants' Bivens claim for untimeliness is affirmed.
 
 
 
 [1]
 Appellants also brought a Title VII claim which the district court dismissed. Appellants do not contest the court's dismissal of their Title VII claim on appeal, thereby waiving their right to do so. Accordingly, we confine our discussion to the FTCA and Bivens issues
 
 
 [2]
 We hereby grant the parties' joint motion to submit this case for decision without oral argument
 
 
 [3]
 In a case not directly applicable here because it involved a cause of action already found by a jury to be without substantive merit, this court declined to apply amended Rule 15(c) to permit relation back in Schiavone-type circumstances. In Freund v. Fleetwood Enterprises, Inc., 956 F.2d 354 (1st Cir. 1992), the plaintiff had sued, among other defendants, an internal division of a company, not realizing that the division had no separate legal existence. After the statute of limitations had expired, but during the period for service of process, plaintiff sought to amend his complaint to include the company, but the judge dismissed the complaint on statute of limitations grounds. After plaintiff lost his jury trial against different defendants, he appealed the earlier dismissal against the company. Under Schiavone, this court ruled that there was no relation back. On our own motion, however, we considered the effect of amended Rule 15(c). We did not refer to the "just and practicable" language in the Supreme Court's amending order in determining whether to apply the new rule. Rather, we used a "manifest injustice" standard since we apply the law in effect at the time of appeal if doing so does not work a manifest injustice. Id. at 363. For two reasons we concluded that applying the amended rule would work a manifest injustice in Freund. First, the jury case that plaintiff had just lost was "the very case" he sought to bring against the newly-added defendant. We found no reason to believe that a second trial would end differently than the first. Nor did we see any reason to "force [the company], who 'played by the rules' in effect at the time, to endure the expense and inconvenience of a trial likely to produce that outcome." Id. Second, the plaintiff's brief on appeal had been so deficient that we had had to untangle and reconstruct plaintiff's arguments. If we had not had to do so, we would likely have affirmed the case on appeal before the new rules had become effective. Applying the new rule would have given plaintiff an "otherwise unattainable windfall." Id
 
 
 [4]
 In light of this conclusion, we need not consider the government's argument that appellants' complaint adding the United States as defendant is deficient in other respects and should be dismissed
 
 
 [5]
 There is disagreement on this issue among the district courts. See, e.g., Plourde v. USPS, 721 F. Supp. 218, 221-23 (D. Minn. 1989) ("[T]he United States government and the United States Postal Service are not sufficiently related to permit notice to the agency to be imputed to the United States government. While the head of an agency can be expected to be on notice of a claim presented to his own agency, the United States government cannot be expected to be on notice of every claim presented against the United States Postal Service."); but see Murray v. USPS, 569 F. Supp. 794, 797 (N.D. N.Y. 1983) (the court found that the FTCA's requirement that the United States and not the agency be sued was a "trap for the unwary" and consequently applied Second Circuit precedent in a non-FTCA case to permit relation back in this FTCA case to add the United States as defendant where the USPS had been sued in a timely fashion and service had been effected within a reasonable time thereafter); cf. Murray v. USPS, 550 F. Supp. 1211, 1212 (D. Mass. 1982) (if the original complaint is served on the USPS or the U.S. Attorney within the limitations period, the United States "is assumed to have the requisite knowledge under [Rule 15(c) ]" to permit relation back to add the United States as defendant). In calling the FTCA requirement-that the United States and not the agency be sued-a "trap for the unwary", the New York Murray court cited a 1963 article referenced in Section 1502 in Wright and Miller's Federal Practice and Procedure. The abuses described in that article, and deplored by the Murray court, were intended to be corrected by the 1966 amendment to Rule 15(c), adding the so-called governmental notice provisions of the Rule's final paragraph. Because the court failed to consider the effect of the 1966 amendment-in characterizing the FTCA requirement that theUnited States be sued a "trap for the unwary"-we are inclined to view it as unpersuasive precedent. This is especially so in light of the clear language in the FTCA as to who the proper defendant is in FTCA cases. Likewise, the comment in the Massachusetts Murray decision about imputing the agency's notice to the United States is dictum, unsupported by any discussion or reference to case law
 
 
 [6]
 Although the USPS asserted appellants' failure to sue the United States within the limitations period to obtain dismissal of appellants' suit against the USPS, the government's brief on appeal makes clear that the United States Attorney is also asserting the limitations defense on behalf of the United States to prevent its addition as defendant. We recognize that some courts might conclude that the simultaneous representationof an agency and the United States by the United States Attorney undercuts the claim that the two are not functional equivalents. Nevertheless, as did the Hughes court, 701 F.2d at 58, we believe that distinguishing between the United States and its agencies is appropriate in FTCA cases, especially since Congress distinguished so clearly between the two in determining who was the proper defendant in FTCA actions
 
 
 [7]
 An Initial Conference Scheduling Order, dated December 15, 1989, lists as the only controverted issue between the parties the question whether the USPS was the proper defendant in an FTCA action