**Ruth BROWN and Mildred Floyd, Plaintiffs,**

v.

**LAS VEGAS SANDS, INC., a Nevada corporation; Doe Corporations A through C; Doe individuals I through X; MGM Sands, Inc., a Nevada corporation, d/b/a The Sands Hotel; and MGM Grand, Inc., a Delaware corporation, Defendants.**

**No. CV-S-91-791-PMP (RJJ).**

United States District Court, D. Nevada.

Dec. 4, 1992.

Lawrence J. Semenza, Reno, NV, for plaintiffs.

Elizabeth Goff Gonzalez, Beckley, Singleton, De Lanoy, Jemison & List, Las Vegas, NV, for Las Vegas Sands.

## ORDER

PRO, District Judge.

Before the Court is Defendant Las Vegas Sands' ("Sands") Motion for Summary Judgment (# 43), filed on October 26, 1992. Plaintiffs Ruth Brown ("Brown") and Mildred Floyd ("Floyd") filed their Opposition (# 45) on November 9, 1992, and the Sands filed its Reply (# 47) on November 24, 1992.

### I. FACTS AND PROCEDURAL POSTURE

Brown and Floyd were registered guests of the Sands Hotel in Las Vegas, Nevada, on October 12, 1989. On that date, Brown noticed a clogged drain in her bathroom, and reported it to the Hotel. The Hotel

informed Brown that it would fix the problem later that day. When Brown returned to her room, she was allegedly overcome by a noxious odor. She notified the Hotel, which then evacuated the floor.

Floyd was a guest whose room was on the same floor as Brown's. She was evacuated from her room by Hotel personnel after Brown notified the Hotel of the odor. Both Plaintiffs allege that as a result of the Hotel's attempt to unclog the drain in Brown's bathroom, they were forced to inhale noxious air and became nauseated and faint. Brown alleges that she vomited and fainted after being exposed to this odor. Both Plaintiffs aver that they suffered personal injuries, emotional distress, physical pain, suffering, anguish, medical expenses, and lost income.

On October 9, 1991, Brown and Floyd filed suit, naming MGM Grand, Inc., d/b/a The Sands Hotel and Casino, Doe Corporations A through C, and Doe Individuals I through X as defendants. On October 24, 1991, Brown and Floyd filed their First Amended Complaint (# 3), and added the Las Vegas Sands, Inc., and MGM Sands, Inc., as Defendants. On December 27, 1991, this Court denied the Las Vegas Sands' Motion to Dismiss Plaintiffs' First Amended Complaint (# 11), and on the same day, denied a Motion to Dismiss filed on behalf of MGM Sands, Inc., and MGM Grand, Inc. (# 10). Pursuant to a stipulation, however, this Court dismissed Plaintiffs' action against Defendants MGM Grand and MGM Sands on August 20, 1992 (# 33).

Las Vegas Sands filed an answer to Plaintiffs' First Amended Complaint and a Third Party Complaint against Certified Laboratories and NCH Corporation on January 6, 1992 (# 12). Las Vegas Sands now moves this Court for Summary Judgment with respect to Brown and Floyd's First Amended Complaint.

## II. SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir.1982), *cert. denied*, 460 U.S. 1085, 103 S.Ct. 1777, 76 L.Ed.2d 349 (1983). Once the movant's burden is met by presenting evidence which, if uncontroverted, would entitle the movant to a directed verdict at trial, the burden then shifts to the respondent to set forth specific facts demonstrating that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). If the factual context makes the respondent's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988).

If the party seeking summary judgment meets this burden, then summary judgment will be granted unless there is significant probative evidence tending to support the opponent's legal theory. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968); *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270 (9th Cir.1979). Parties seeking to defeat summary judgment cannot stand on their pleadings once the movant has submitted affidavits or other similar materials. Affidavits that do not affirmatively demonstrate personal knowledge are insufficient. *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir.1978), *cert. denied*,

440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). Likewise, "legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment." *Id.*

■ A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *See Admiralty Fund v. Hugh Johnson & Co.*, 677 F.2d 1301, 1305–06 (9th Cir.1982); *Admiralty Fund v. Jones*, 677 F.2d 1289, 1293 (9th Cir.1982).

All facts and inferences drawn must be viewed in the light most favorable to the responding party when determining whether a genuine issue of material fact exists for summary judgment purposes. *Poller v. CBS, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). After drawing inferences favorable to the respondent, summary judgment will be granted only if all reasonable inferences defeat the respondent's claims. *Admiralty Fund v. Tabor*, 677 F.2d 1297, 1298 (9th Cir.1982).

The trilogy of Supreme Court cases cited above establishes that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327, 106 S.Ct. at 2555 (quoting Fed.R.Civ.P. 1). *See also Avia Group Int'l, Inc. v. L.A. Gear Cal.*, 853 F.2d 1557, 1560 (Fed.Cir.1988).

## III. ANALYSIS

■ Both parties agree that the applicable statute of limitations on this case is set by NRS 11.190. This statute provides for a two year period for filing personal injury actions running from the date on which the injury was sustained. Brown and Floyd filed their original action, which did not name the Las Vegas Sands as a defendant, on October 12, 1989. They filed their First Amended Complaint in which they named the Sands as a defendant on October 24, 1991, approximately twelve days after the statute of limitations had expired.[1]

The Sands argues that it should be awarded summary judgment because the Amended Complaint was filed after the statute of limitations had run. It admits that the original Complaint which did not name it as a defendant was filed within the statute of limitations, but contends that the Amended Complaint naming it as a defendant does not "relate back" to the date on which the original Complaint was filed. Therefore, it argues, the action against it is time barred.

The Sands agrees with the Plaintiffs that Federal Rule of Civil Procedure 15(c) governs the issue of whether the Amended Complaint relates back to when the original Complaint was filed. It acknowledges that Rule 15(c) was recently amended, but it argues that this amendment did not become effective until December 1, 1991. It contends that the old Rule 15(c) bars Plaintiffs' action, as the Sands had no notice of the institution of the action within the two year statute of limitations. The Sands also argues that Rule 15(c) deals with "changing" a party, and that Plaintiffs here did not change a party, but rather added a party.[2]

Brown and Floyd argue that the Sands based its Motion to Dismiss on statute of limitations grounds, and that this Court, in denying that Motion, has already ruled on this issue. They also contend that the amended version of Rule 15(c) is applicable to this case, and that when a plaintiff seeks to add a defendant, amended Rule 15(c) permits a relation back to the date when the original complaint was filed, as long as

---

**1.** The Sands claims it did not receive notice of this action until October 30, 1991.

**2.** Somewhat confusingly, the Sands cites Wright, Miller & Kane § 1498 as support for this proposition. This section states that the word "changing" used by Rule 15(c) has been interpreted liberally, so that it encompasses adding or dropping parties as well. This section, as well as applicable case law, undercuts Defendant's argument. *See also In re the Glacier Bay*, 746 F.Supp. 1379, 1390 (D.Alaska 1990) (citing *Raynor Bros. v. American Cyanimid Co.*, 695 F.2d 382, 384 (9th Cir.1982)).

that defendant receives notice within 120 days after the original complaint was filed. They urge this Court to apply Rule 15(c) retroactively to this action.

At issue here is whether Rule 15(c) should be applied retroactively to allow Plaintiffs' First Amended Complaint to "relate back" to their original Complaint. The Supreme Court has stated that the new Rule takes effect as of December 1, 1991, and governs "all proceedings in civil actions thereafter commenced, and, insofar as just and practicable, all proceedings in civil actions then pending." Order Adopting Amendments to Federal Rules of Civil Procedure, April 30, 1991. Brown and Floyd initiated this suit on October 9, 1991. Therefore, this action clearly was "pending" when the amendment to Rule 15(c) took effect.

Very few cases have considered whether to apply Rule 15(c) retroactively. *See Afanador v. United States Postal Service*, 976 F.2d 724 (1st Cir.1992); *Bayer v. United States Dep't. of Treasury*, 956 F.2d 330 (D.C.Cir.1992); *Freund v. Fleetwood Enters.*, 956 F.2d 354 (1st Cir.1992); *Skoczylas v. Fed. Bureau of Prisons*, 961 F.2d 543 (5th Cir.1992); *Hill v. United States Postal Service*, 961 F.2d 153 (11th Cir. 1992); *Renslow v. City of Chicago*, No. 91–C–5560, 1991 WL 296732, 1992 U.S.Dist. LEXIS 357 (N.D.Ill. Jan. 14, 1992); *Hunt v. Dep't of Air Force*, 787 F.Supp. 197 (M.D.Fla.1992); *Boliden Metech, Inc. v. United States*, 140 F.R.D. 254 (D.R.I.1991).

Of these cases, only *Freund* and *Hunt* refused to apply the Rule retroactively. In *Freund*, the First Circuit concluded that manifest injustice would result if it applied the amended Rule retrospectively to that case, as the plaintiff had already lost the case after a jury trial.

The *Hunt* court also refused to apply amended Rule 15(c) retroactively. There, the court stated that the amendment to the Rule did not address whether it was to have a retroactive effect. As the *Hill* court points out in its criticism of *Hunt*,

the *Hunt* court "overlook[ed] both the Advisory Committee notes and the Supreme Court's order adopting the amendments, which demonstrate the intention that amended Rule 15(c) apply retroactively." *Hill*, 961 F.2d at 156.

This Court finds the reasoning of the *Hill* court to be more persuasive than the analysis found in *Hunt*. Further, in the present case, there has been no trial; it has been more than two years since the initial lawsuit was filed, and this case has just reached the summary judgment stage. Additionally, the Sands has not alleged, nor does this Court conclude, that it would be unjust or impracticable to apply the amended version of Rule 15(c). Therefore, this Court concludes it appropriate to apply the amended version of Rule 15(c).

The applicable portion of Rule 15(c) as amended states:

> An amendment of a pleading relates back to the date of the original pleading when:
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment
>
> (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and
>
> (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.[3]

Here, Brown and Floyd satisfy all the requirements of Rule 15(c). First, subsec-

---

**3.** Rule 4(m) as cited in Rule 15(c) above was amended and now appears as Rule 4(j). *See* *Hill*, 961 F.2d at 155.

tion (2) is satisfied, as the original pleading and the amended pleading both set forth claims based on the same occurrence. Second, the time limit specified in Rule 4(j) is 120 days after the filing of the original complaint. Plaintiffs filed their original Complaint on October 9, 1991 and they filed their Amended Complaint on October 24, 1991, well within the 120 day time limit. Finally, the Sands has made no allegations or showing that they will be prejudiced by the application of Rule 15(c).

This Court finds that under the amended version of Rule 15(c), Plaintiff's Amended Complaint relates back to the date on which the original Complaint was filed. As such, Plaintiffs' suit falls within the permissible time for filing an action under the applicable statute of limitations.

IT IS THEREFORE ORDERED THAT Defendant's Motion For Summary Judgment (# 43) is denied.

DATED: December 3, 1992